|1KLEES, Judge.
Charles Devlin and his insurer, State Farm Fire & Casualty Company, appellees herein, claim limited tort immunity under the recreational use statutes, LSA-R.S. 9:2791 and 9:2795, against the claims of appellant Kirk Lewis.[1] Lewis was injured when he fell through the fishing pier at appellee Devlin’s fishing camp on a bayou in St. Bernard Parish. The trial court granted summary judgment to Devlin and State Farm, dismissing Lewis’s claims. We affirm.
On May 30, 1993, appellant Kirk Lewis (Lewis) and several friends were water skiing in a bayou in St. Bernard Parish when the steering mechanism of the boat went out. Lewis and his friends paddled the boat to the nearest camp. Lewis alleges that as he walked up the pier to look for something to repair the boat, his foot slipped through an opening in the Rplanks. He alleged that his damages were caused by the camp owner, Devlin, in negligently constructing and maintaining the dock, and for failing to warn of a hazardous condition. Lewis further asserted a cause of action based on strict premises liability.
In his only assignment of error, Lewis claims the trial court erred in its application of the recreational use statutes because he was not on Devlin’s property for a recreational purpose. Lewis avers that he entered Devlin’s property because he needed to repair his boat.
In Monteville v. Terrebonne Parish Consol. Gov’t, 567 So.2d 1097, 1101 (La.1990), the court explained that the purpose of the recreational use statutes is “to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes.”
Jurisprudence has established a test to determine the applicability of the recreational use statutes. First, the property in question must be undeveloped, nonresidential rural or semi-rural land areas. Second, the injury must be the result of recreation that can be pursued in the “true outdoors.” Keelen v. State, Dep’t of Culture, Recreation and Tourism, 463 So.2d 1287, 1290 (La.1985); Ratcliff v. Town of Mandeville, 502 So.2d 566, 567 (La.1987).
The parties are in agreement that the first part of the test is satisfied. Devlin’s camp is located on a bayou, and can only be accessed by boat. The dispute arises under the second part of the test, namely, whether *885 Lewis was engaged in a recreational activity at the time of the accident. Lewis admits in his affidavit that he was on a water skiing outing with friends when his boat broke down. As stated by the trial court in its reasons for judgment, “[t]he fact that the boat experienced mechanical problems did not change the nature of the day’s activities.” We agree with the trial court.
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories and admissions, together with affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. LSA-C.C.P. art. 966; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991); Roberts v. Orpheum Corp., 630 So.2d 914 (La.App. 4th Cir.1993).
^Summary judgment is appropriate only when reasonable minds must inevitably conclude that, on the facts before the court, the mover is entitled to judgment as a matter of law. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367, 370 (La.1976), cert. denied, 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976). We do not find error in the trial court’s ruling.
Accordingly, for the reasons set forth above, we affirm the judgment of the trial court.

AFFIRMED

. Of the two recreational use statutes, 9:2795 would appear to apply more closely to the instant case, that is, property used primarily for recreational purposes. Thus, the pertinent parts of LSA-R.S. 9:2795 are as follows:
A. As used in this Section:
(1) "Land" means land, roads, water, watercourses, private ways and buildings, structures, and machinery or equipment when attached to the realty.
(2) "Owner” means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises.
(3) "Recreational purposes” includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized vehicle operation for recreation purposes, nature study, water skiing, ice skating, sledding, snow mobiling, snow skiing, summer and winter sports, and viewing or enjoying historical, archaeological, scenic, or scientific sites.
(4) "Charge” means the admission price or fee asked in return for permission to use lands.
(5) "Person” means individuals regardless of age.
B. (1) Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined docs not thereby:
(a) Extend any assurance that the premises are safe for any purposes.
(b) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.
(c) Incur liability for any injury to person or property incurred by such person.