699 So.2d 1149 (1997)
Regina M. BERZAS, et al., Plaintiffs-Appellants,
v.
OXY USA, INC., et al., Defendants-Appellees.
No. 29835-CA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1997.
*1150 Jack R. Brown, Shreveport, for Plaintiffs-Appellants.
Liskow & Lewis by Frederick W. Bradley, New Orleans, Blanchard, Walker, O'Quin & Roberts by Robert Roberts, III, W. Michael Adams, James C. McMichael, Jr., Shreveport, for Defendants-Appellees.
Before HIGHTOWER, GASKINS and PEATROSS, JJ.
GASKINS, Judge.
The plaintiffs, Regina M. Berzas and Mary Jeanette Tate, appeal from a trial court ruling granting a motion for summary judgment on behalf of the defendants, OXY USA, Inc. and OXY Oil and Gas USA, Inc. (collectively referred to as OXY). For the following reasons, we affirm the trial court judgment.

FACTS
The original plaintiffs in this case were numerous residents of the Alexis Park Apartments in Bossier City, which were constructed on the site of an old oil refinery previously operated by OXY or its predecessor companies.[1] Suit was filed on January 18, 1991 against various defendants including OXY. In a very broadly drawn petition, the plaintiffs alleged that in the 1930s, dangerous, toxic, hazardous and poisonous chemicals were deposited in the ground at the site which now includes the Alexis Park Apartments. This area is also known as the Highway 71/72 refinery site. The plaintiffs, who lived in the apartments in 1989 and 1990, alleged that chemicals and pollutants creating a hazard to their health were in the possession, custody and control of various defendants, including OXY. The plaintiffs alleged that the defendants' negligent handling of hazardous and toxic materials was a cause in fact "of the problems they now encounter." The petition further alleged that the plaintiffs have lived in a dangerous, unhealthy environment and have been exposed to potentially damaging water and soil pollution. They also alleged that their fears of health problems have increased. The plaintiffs claimed entitlement to damages caused by evacuation of their apartments, inconvenience of being exposed to noxious odors and fear of exposure to deadly, dangerous and unhealthy chemicals.
During the course of the proceedings, OXY propounded interrogatories and requests for the production of documents to the plaintiffs. On several occasions OXY was required to bring motions to compel to secure responses from the plaintiffs. The plaintiffs undertook no discovery of their *1151 own. The matter was set for trial on July 8, 1996, with a cut off date for discovery set for May 31, 1996. However, the plaintiffs did not designate experts or provide OXY with any expert reports or witness lists by this date. On June 27, 1996, the plaintiffs filed a motion to continue the July 1996 trial date until further testing of the site was completed by governmental agencies. The trial court granted the motion, continuing the trial of the matter until an unspecified later date.
On June 11, 1996, a motion for summary judgment was filed on behalf of OXY, alleging that the plaintiffs' case, claiming damages for exposure to toxic chemicals in the soil under their apartment complex, would necessarily require the introduction of testimony and evidence by experts to carry their burden of proof. According to OXY, the plaintiffs would be required to show that (1) some chemical was released by OXY (2) the plaintiffs were exposed to the chemical (3) concentrations of the chemical were such that a causal relationship existed between the exposure and (4) any injury sustained by the plaintiffs. OXY contended that, during the course of discovery, the plaintiffs had declined to secure any experts to support their claims. On July 9, 1996, the trial court denied OXY's motion for summary judgment, finding that this is a case in which the ultimate decision will be based upon opinion evidence and therefore, summary judgment was not appropriate.
On July 18, 1996, OXY filed a motion for reconsideration and rehearing of their motion for summary judgment. OXY contended that there were three compelling reasons for summary judgment. First, the plaintiffs' failure to designate experts or provide expert reports before the trial court's discovery cut off deadline of May 31, 1996 meant that no expert testimony would be admissible at trial. OXY again asserted that the plaintiffs' could not prove their claim of damages due to exposure to chemicals without experts. Second, OXY argued that the plaintiffs have failed to establish the existence of proof of elements essential to their claims. Finally, OXY noted that in denying the motion, the trial court applied the law on summary judgment in effect prior to the 1996 amendment to the summary judgment article, La. C.C.P. art. 966.
In opposition to the motion for reconsideration, the plaintiffs asserted that they are unable to offer expert evidence to support their contentions until such time as specific substances are identified on the site through testing by the Environmental Protection Agency, the Department of Environmental Quality and the Louisiana Office of Public Health.
On October 24, 1996, the trial court held a hearing on OXY's motion for reconsideration and rehearing on the motion for summary judgment. At that time, the trial court granted the motion for reconsideration, reversed its prior ruling and granted OXY's motion for summary judgment. The plaintiffs then filed a motion for new trial which was denied by the trial court on November 18, 1996. The plaintiffs appealed devolutively from the grant of summary judgment in favor of OXY.
Based upon the jurisprudence construing motions for summary judgment prior to the 1996 amendment to La. C.C.P. art. 966, the plaintiffs argue that the trial court erred in granting OXY's motion for summary judgment. The plaintiffs claim that they have provided the court with abundant facts and documents from the Louisiana Department of Environmental Quality, the Louisiana Office of Public Health and the United States Environmental Protection Agency to show that the site is highly contaminated with chemicals and that the contamination was caused by OXY. The plaintiffs contend that further test data will soon be available and they are unable to proceed to trial until site testing is completed. The plaintiffs also assert that no health impact determinations can be made until all laboratory data are compiled and analyzed. These arguments are without merit.

SUMMARY JUDGMENT
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Bullock v. Homestead Insurance Company, 29,536 (La.App.2d Cir. 6/20/97), 697 So.2d *1152 712. An appellate court thus asks the same question as does the trial court in determining whether summary judgment is appropriate: whether there is any issue of material fact, and whether the mover is entitled to judgment as a matter of law. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318 (La.1993); Powers v. Tucker, 29,190 (La.App.2d Cir. 2/26/97), 690 So.2d 922; Bullock v. Homestead Insurance Company, supra.
In Louisiana, the law regarding summary judgment is set forth in La. C.C.P. art. 966. Previously, the jurisprudence construing this article provided that summary judgments were not favored, were to be used only cautiously and sparingly and supporting documents of the mover were to be strictly construed by the courts while the documents submitted by the party opposing the motion were to be treated indulgently. Any doubt was to be resolved against granting the summary judgment and in favor of trial on the merits. Hayes v. Autin, 96-287 (La.App. 3d Cir. 12/26/96), 685 So.2d 691, writ denied 97-0281 (La.3/14/97), 690 So.2d 41.
In 1996, La. C.C.P. art. 966 was amended to legislatively overrule the jurisprudential presumption against summary judgment. The amendment "leveled the playing field" between the parties by allowing the supporting documents submitted by the two parties to be scrutinized equally and removing the overriding presumption in favor of trial on the merits. Hayes v. Autin, supra; La. Acts 1996 (First Ex. Session), No. 9.
As noted in Hayes v. Autin, supra, under the 1996 amendment, the initial burden of proof remained with the mover to show that no genuine issue of material fact exists. However, once the mover made a prima facie showing that the motion should be granted, the burden of proof shifts to the nonmoving party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the nonmoving party to produce evidence of a material factual dispute mandates the granting of the motion. Hayes v. Autin, supra; Dinger v. Shea, 96-448 (La.App. 3d Cir. 12/11/96), 685 So.2d 485; Tybussek v. Wong, 96-1981 (La.App. 4th Cir. 2/26/97), 690 So.2d 225.
The court in Hayes v. Autin, supra, recognized that the 1996 amendment to La. C.C.P. art. 966 brings the Louisiana standard for summary judgment closely in line with Federal Rule of Civil Procedure 56 (FRCP 56). In the federal system, when the nonmoving party bears the burden of proof at trial, there is no genuine issue of material fact if the nonmoving party cannot come forward at the summary judgment stage with evidence of sufficient quantity and quality for a reasonable juror to find that the party can satisfy his substantive evidentiary burden. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Matsushita Electric Company v. Zenith Radio Corporation, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).
In construing summary judgments under FRCP 56, the United States Supreme Court stated that summary judgment shall be granted where the evidence is such that it would require a directed verdict for the moving party. Anderson v. Liberty Lobby, Inc., supra. The Court in Andersonwent on to state that if a defendant in a run-of-the-mill civil case moves for summary judgment or a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The Court further opined that the mere existence of a scintilla of evidence on the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.
The Supreme Court further discussed summary judgments in Lujan v. National Wildlife, 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695(199). The court stated that Celotex made clear that FRCP 56 does not require the moving party to negate the elements of the nonmoving party's case. Rather, FRCP 56 mandates the entry of summary judgment, after adequate time for discovery *1153 and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof.
The summary judgment standard announced by the United States Supreme Court was followed by the United States Fifth Circuit in Little v. Liquid Air Corporation, 37 F.3d 1069 (5th Cir.1994) and Fontenot v. Upjohn Company, 780 F.2d 1190 (5th Cir.1986). In Little, the court stated that the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case. If the moving party meets this burden, then the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. After enactment of the 1996 amendment to La. C.C.P. art 966, the federal standard regarding the nonmovant's burden of proof in a motion for summary judgment was followed in Tybussek v. Wong, supra and in Hayes v. Autin, supra.
In 1997, La. C.C.P. art 966 was again amended by Acts 1997, No. 483. The act provides that the amendment is intended to further clarify Acts 1996, No. 9 § 1 of the First Extraordinary Session of 1996, and to legislatively overrule all cases inconsistent with Hayes v. Autin, supra. Specifically, the amended article rewrote paragraphs C and E of the article and deleted paragraphs F and G. La. C.C.P. art. 966 now provides:
A. (1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
B. The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

D. The court shall hear and render judgment on the motion for summary judgment within a reasonable time, but in any event judgment on the motion shall be rendered at least ten days prior to trial.
E. A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case. [Emphasis supplied]
The amended versions of the article are procedural in nature and therefore subject to retroactive application. NAB Natural Resources, L.L.C. v. Willamette Industries, *1154 Inc., 28,555 (La.App.2d Cir. 8/21/96), 679 So.2d 477; Curtis v. Curtis, 28,698 (La. App.2d Cir. 9/25/96), 680 So.2d 1327; Short v. Giffin, 96-0361 (La.App. 4th Cir. 8/21/96), 682 So.2d 249, writ denied, 96-3063 (La.3/7/97), 689 So.2d 1372.
The 1997 amendment to La. C.C.P. art 966(C) incorporated the federal jurisprudential scheme on summary judgments set forth above and states that if the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the nonmoving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the nonmoving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. Further, La. C.C.P. art. 967 provides in pertinent part:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his responses, by affidavits or otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
OXY argued to the trial court that, because the plaintiffs had undertaken no discovery in the more than five years since the suit has been pending, summary judgment is proper. According to the defendant, the plaintiffs have failed to establish what chemicals exist on the site, whether the plaintiffs have been exposed to dangerous chemicals for which OXY is responsible, and whether the plaintiffs have sustained damage due to the presence of chemicals. OXY argues that these are all essential elements of the plaintiffs' claim and because there is no factual support for these claims, there is no genuine issue of material fact and OXY is entitled to summary judgment as a matter of law.
In support of their motion for summary judgment, OXY attached portions of depositions from the plaintiffs. In Ms. Berzas deposition, she stated that she moved into her apartment on August 1, 1989 and was not aware of any unusual odors when she moved in. She was required to evacuate her apartment in January 1990. Prior to the evacuation, she was not aware of any problem at the apartments. She claimed to have a pulmonary problem, but was not under regular medical care for the condition and did not establish that any condition she might have had was caused by chemical exposure.
Ms. Tate's deposition shows that she was not required to evacuate from her apartment, did not know if she was injured as a result of smelling any substance, no one ever told her she had any dangerous substances in her apartment, she never went to the doctor for any physical condition caused by chemical exposure and could not say that she had any health problems from living at the apartment and that no physician ever told her that she has experienced any condition attributable to chemicals at the apartments.
Therefore, we find that OXY carried its burden of proof of showing that there is an absence of factual support for one or more elements essential to the plaintiffs' claim. Thereafter, the burden shifts to the plaintiffs to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden at trial.
The record shows that, in response to OXY's motion for summary judgment, the plaintiff filed a document entitled "Public Health Assessment for Highway 71/72 Refinery Site" issued June 4, 1996, prepared by the Louisiana Office of Public Health. The document was certified by an assistant chief epidemiologist for the Louisiana Office of Public Health as a true and correct copy of a draft for public comment. The certification noted that the final release of the document is expected by March 1997.
The plaintiffs also submitted an affidavit by an assistant chief epidemiologist for the Louisiana Office of Public Health, asserting that testing by governmental agencies on the site was not complete. In addition, the plaintiffs attached portions of their depositions in support of their opposition to the motion for summary judgment.
*1155 Based upon the public health document and the affidavit of the assistant chief epidemiologist, the plaintiffs argue that summary judgment should not be granted because site testing has not been completed and therefore, they cannot complete discovery. They contend that, because they are unable to complete discovery, summary judgment cannot properly be granted. Under the facts of this case, that argument is untenable.
These offerings by the plaintiffs fail to meet their burden of producing factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial. The plaintiffs have failed to show that they were exposed to chemicals, what chemicals were present, or that OXY was responsible for any chemical exposure. There is also lack of factual support for a claim that the plaintiffs suffered any injury caused by chemical exposure. As argued by OXY, during the more than five years that this suit has been pending, the plaintiffs undertook no discovery whatever. They took no depositions, secured no experts and furnished no medical test results of any kind. When faced with pretrial cut off dates for discovery, the plaintiffs still failed to show factual support for the allegations contained in their petition. Further, even when faced with a motion for summary judgment, plaintiffs continued to show no factual support for essential elements of their claims. Rather, they rely upon the bare allegations of their petition and argue that no discovery can be undertaken until site testing is completed. As stated in Simoneaux v. E.I. duPont de Nemours and Company, Inc., 483 So.2d 908 (La.1986), there is no absolute right to delay an action on a motion for summary judgment until discovery is completed. The court noted that the only requirement is that the parties be given a fair opportunity to present their claims and unless a plaintiff shows a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of material fact. See also American Bank and Trust Company in Monroe v. Cambre, 486 So.2d 1076 (La.App. 2d Cir.1986). The record shows that the plaintiffs have had ample time for discovery and have made no efforts to factually support any element of their claims against OXY. Even though governmental site testing was not complete when the trial court decided this motion for summary judgment, the plaintiffs offered no explanation for their failure to undertake independent testing, to depose employees of OXY, or even to consult physicians to determine if they suffered injuries. Certainly, the determination of whether the plaintiffs suffered physical, emotional or property damage as a result of chemical exposure is not dependent upon the completion of site testing by the Environmental Protection Agency, the Department of Environmental Quality or other agencies. The plaintiffs were given a fair opportunity to present their claims and have failed to carry their burden of proof on this motion for summary judgment.
Further, in their brief to this court, the plaintiffs continue to argue pre-amendment presumptions on motions for summary judgment. Based upon the record before us and applying the current law on motions for summary judgment, we find that the trial court correctly granted summary judgment in favor of OXY. OXY has shown the lack of factual support for essential elements of the plaintiffs' claim and the plaintiffs have failed to provide factual support for their claims sufficient to establish that they will satisfy their burden of proof at trial. Therefore, there are no genuine issues of material fact in this case.

CONCLUSION
For the reasons stated above, we affirm the trial court's ruling granting summary judgment in favor of OXY and dismissing with prejudice the claims of the plaintiffs, Regina M. Berzas and Mary Jeanette Tate. All costs, in this court and in the court below, are assessed to the plaintiffs.
AFFIRMED.
NOTES
[1] Prior to consideration of the present motion for summary judgment, all plaintiffs settled with OXY with the exception of Ms. Berzas and Ms. Tate.