715 So.2d 108 (1998)
Allen OREA, et al., Plaintiffs-Appellants,
v.
Michael BRANNAN, M.D., et al., Defendants-Appellees.
No. 30628-CA.
Court of Appeal of Louisiana, Second Circuit.
June 24, 1998.
*109 John Milkovich, Shreveport, for Plaintiffs-Appellants.
Pugh, Pugh & Pugh by Robert G. Pugh, Jr., Shreveport, for Defendants-Appellees Michael Brannan, M.D. and La. Medical Mutual Ins. Co.
Blanchard, Walker, O'Quin & Roberts by A. Martin Stroud, III, Shreveport, for Defendant-Appellee Daniel E. Crook, M.D.
Mayer, Smith & Roberts by Mark A. Goodwin, Shreveport, for Defendants-Appellees Ignatius Tedesco, M.D. and St. Paul Fire & Marine Ins. Co.
Michael M. Remson, Baton Rouge, for Defendant-Appellee Willis Knighton Medical Center.
Before HIGHTOWER, STEWART and GASKINS, JJ.
STEWART, Judge.
Allen Orea and his parents, David and Evone Orea, appeal the judgment of the trial court dismissing their action against Dr. Ignatius Tedesco, his insurer, St. Paul Fire & Marine Insurance Company, and Dr. Daniel Crook. For the following reasons, we affirm.

FACTS
On June 12, 1989, Allen Orea, a 22 year old white male, visited the emergency room of WK-North complaining of abdominal pain. Dr. Tedesco examined Orea and ordered abdominal and chest x-rays and oral administration of Maalox and Donnital. Orea's pain subsided during his 45 minute visit. Dr. Tedesco discharged Orea and advised him to contact Dr. Michael Brannan, Orea's treating gastroenterologist, for treatment if further problems developed.
On July 12, 1989, Orea visited the emergency room of WK-South complaining of severe abdominal pain. Orea related his medical history, including a previous injury to his right lung and diaphragm and a recent negative ultrasound for gallstones performed by Dr. Brannan. Dr. Crook examined Orea, noticed tenderness on his right side, prescribed a pain reliever, and discharged him with direction to see his gastroenterologist.
On July 22, 1989, Orea was admitted to WK-South, transferred to WK-North, and diagnosed with and treated for pancreatic abscess.
The Oreas filed a medical malpractice action against Dr. Michael Brannan, Dr. Ignatius Tedesco, Dr. Daniel Crook, Willis-Knighton Medical Center, St. Paul Fire & Marine Insurance Company, and LAMMICO. Dr. Tedesco, his insurer, St. Paul Fire & Marine, and Dr. Crook filed motions for summary judgment. In written reasons rendered June 30, 1997, the trial court granted these motions. On July 3, 1997, the trial court signed a judgment dismissing the Oreas' claims against Dr. Tedesco, St. Paul Fire & Marine, and Dr. Crook. The Oreas appeal and assign three errors.

DISCUSSION

Summary Judgment
Appellants assign as error the trial court's dismissal of claims against Dr. Tedesco, St. Paul Fire & Marine, and Dr. Crook.
Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991), directs that an appellate court conduct a de novo review of the documents supporting and opposing a motion for summary judgment under the same criteria which governs the district court's consideration of whether summary judgment is appropriate pursuant to La. C.C.P. art. 966. See also Bullock v. Homestead Insurance Co., 29,536 (La.App. 2nd Cir. 6/20/97), 697 So.2d 712 and Berzas v. OXY USA, Inc., 29,835 (La.App. 2nd Cir. 9/24/97), 699 So.2d 1149. Thus, an appellate court questions whether a genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318 (La.1993); Bullock v. Homestead Insurance Co., supra; *110 Bockman v. Caraway, 29,436 (La.App. 2nd Cir. 4/2/97), 691 So.2d 815; Powers v. Tucker, 29,190 (La.App. 2nd Cir. 2/26/97), 690 So.2d 922; Gleason v. State Farm, 27,297 (La.App. 2nd Cir. 8/23/95), 660 So.2d 137, writ denied, 95-2358 (La.12/15/95), 664 So.2d 454.
Effective May 1, 1996, La. C.C.P. art. 966 was amended "to provide that summary judgment procedure is favored ... to provide for the burden of proof; and to provide for related matters." See Acts 1996, 1st Ex. Sess., No. 9. Recently, the legislature has amended La. C.C.P. art. 966 for the purpose of clarifying the 1996 amendments and legislatively overruling all cases inconsistent with Hayes v. Autin, 96-287 (La.App. 3rd Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. Being procedural in nature, the amendments are subject to retroactive application. Berzas v. OXY USA, Inc., supra; Curtis v. Curtis, 28,698 (La.App. 2nd Cir. 9/25/96), 680 So.2d 1327; NAB Natural Resources v. Williamette Industries, 28,555 (La.App. 2 nd Cir. 8/21/96), 679 So.2d 477; Short v. Giffin, 96-0361 (La.App. 4th Cir. 8/21/96), 682 So.2d 249, writ denied, 96-3063 (La.3/7/97), 689 So.2d 1372.
Unlike existing jurisprudence which dictated that summary judgment was not favored and was cautiously and sparingly used, summary judgment is today favored to secure just, speedy and inexpensive determinations of all except certain disallowed actions. Hayes v. Autin, supra. As indicated by the Hayes decision, as well as the recent amendments, the jurisprudential presumption against granting summary judgment has been eliminated. In effect, the enacted changes have "leveled the playing field" for the litigants, Hayes, 96-287 (La.App. 3rd Cir. 1996), 685 So.2d at 694, so that documentation submitted by the two parties will now be scrutinized equally and the earlier overriding presumption in favor of trial on the merits has been removed. Substantially changing the law of summary judgment, the procedural amendments bring the Louisiana standard for summary judgment more closely in line with Federal Rule of Civil Procedure 56.
Incorporating the federal approach to summary judgments, La. C.C.P. art. 966 now states that if the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. And, as consistently noted in La. C.C.P. art. 967, the opposing party cannot rest on the mere allegations or denials of his pleadings, but must present evidence which will establish that material facts are at issue. Bockman v. Caraway, supra.
On motion for summary judgment, if movant establishes an absence of factual support for one or more elements of the adverse party's claim, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to produce such support, no genuine issue of material facts exists, and summary judgment will be granted. La. C.C.P. art. 966. See Succession of Carnahan v. West Carroll National Bank, 30,218 (La.App. 2nd Cir. 2/25/98), 707 So.2d 505; Morehead v. Ford Motor Company, 30,207 (La.App. 2nd Cir. 2/25/98), 709 So.2d 861; Traweek v. Jackson, 30,248 (La.App. 2nd Cir. 2/25/98), 709 So.2d 867; Chase v. Louisiana Riverboat Gaming Partnership, 30,368 (La. App. 2nd Cir. 2/25/98), 709 So.2d 904; Hammons v. City of Tallulah, 30,256 (La.App. 2nd Cir. 2/25/98), 708 So.2d 502.
In a medical malpractice action, plaintiffs must prove the applicable standard of care, a breach of that standard, and a casual connection between the breach and the injuries suffered by plaintiff. La. R.S. 9:2794. Expert medical testimony is not always necessary for a plaintiff to meet his burden of proof in a medical malpractice case. Where a physician commits an obvious negligent act, where an on-call doctor fails to respond to an emergency, or where a statute or hospital policy is violated are circumstances which would not require expert testimony. Pfiffner v. Correa, 94-0924, 94-0963 *111 (La.10/17/94), 643 So.2d 1228. However, expert testimony is necessary in a factually complex medical situation that would be difficult for a lay person to comprehend. Pfiffner v. Correa, supra. Due to the intricate nature of pain, gallstones, and pancreatitis, the instant case involves circumstances beyond the ability of lay persons to assess and, therefore, would require expert testimony to establish the applicable standard of care, a breach of that standard, and a causal connection between the breach and alleged damages.
Certified copies of the WKMC emergency room records, the affidavit of Lacey Wallace, attorney chair of the medical review panel, the January 28, 1992 deposition of Allen Orea, and the deposition of Dr. Thomas B. Hargrave III, plaintiffs' expert, were submitted in support of summary judgment.
The deposition testimony of Dr. Hargrave, plaintiffs' expert, established the standard of care applicable to emergency room physicians. Dr. Hargrave testified that an emergent care doctor is required "to determine the acuteness of a problem, potential seriousness of a problem, and after appropriate evaluation, determine whether a person should be admitted or can be appropriately discharged." Dr. Hargrave stated that he had no specific criticisms of Dr. Crook's treatment of and prescribed medication for Orea, that he found no indication that Dr. Crook should have admitted Orea to the hospital, and that Dr. Crook's referral of Orea to Dr. Brannan was appropriate. Further, Dr. Hargrave testified that Dr. Tedesco's treatment of Orea was appropriate and opined that the symptoms exhibited by Orea when examined by Dr. Tedesco were probably unrelated to pancreatitis. Dr. Hargrave did not conclude that either Dr. Tedesco or Dr. Crook breached the standard of care.
The record evidence, particularly the deposition testimony of plaintiffs' medical expert, unequivocally demonstrates that neither Dr. Tedesco nor Dr. Crook breached the standard of care applicable to emergency room physicians. Clearly, Drs. Tedesco and Crook have made a prima facie case that no genuine issue of material fact exists regarding a breach of the applicable standard of care.
The burden now shifts to plaintiffs to prove that a genuine issue of material fact exists. No factual support was offered by plaintiffs prior to or during hearing of the motions to demonstrate any material factual issues regarding a breach in the standard of care by the emergent care physicians. Although plaintiffs assert numerous arguments in support of their contention that both doctors committed malpractice by failing to perform specific medical tests and procedures and by misdiagnosing Orea's condition, these assertions are irrelevant to the primary issue of whether either doctor breach the standard of care applicable to emergency care physicians and are not supported by any evidence offered by plaintiffs.
Therefore, these assignments are without merit.

Affidavit of Dr. Hargrave
Plaintiffs further assign as error the trial court's failure to consider the affidavit of Dr. Hargrave which was attached to plaintiffs' post-hearing brief. Plaintiffs contend that the trial court's directions at the conclusion of hearing on the motions did not preclude filing of additional evidence after hearing.
The trial court did not consider the affidavit based on La. C.C.P. arts. 966 and 967. La. C.C.P. art. 966 provides that depositions and affidavits in support of or opposition to motions for summary judgment shall be served prior to hearing. See Hall v. Hall, 460 So.2d 1053 (La.App. 2nd Cir.1984); First Judicial District Court Civil Division Rules, Rule 11. Further, La. C.C.P. art. 967 provides that such affidavits "shall be made on personal knowledge...." See Bockman v. Caraway, supra.
The May 19, 1997 minute entry reflects that the motions for summary judgment were argued and submitted, with post-trial briefs to be filed by 5:00 p.m. on May 23, 1997. (Our emphasis.) Nothing in the record indicates that the trial court held the record open for filing of additional evidence. On May 23, 1997, plaintiffs filed a document styled "Plaintiffs' Supplemental Opposition to Motion for Summary Judgment Filed by Defendant, *112 Ignatius Tedesco and St. Paul Fire & Marine Insurance Company." Attached were numerous exhibits, including an affidavit of Dr. Hargrave dated May 23, 1997. The trial court did not consider the late-filed affidavit in ruling on the motions for summary judgment.
Plaintiffs' assertion that the late-filed affidavit should have been considered because the trial court did not "rule or specify that supplemental exhibits or affidavits could not be filed" with post-trial briefs is untenable. When the motions for summary judgment and memoranda in support of those motions were filed, defendants basis for moving for summary judgment was revealed to plaintiffs. Additionally, plaintiffs' knew or should have known that, upon movants' negating one or more elements essential to plaintiffs claim, the burden shifted to them to produce factual support sufficient to establish that they were able to satisfy their evidentiary burden at trial. La. C.C.P. art. 966(C)(2). Plaintiffs had the option to file affidavits or other evidence prior to hearing on the motions for summary judgment and had an opportunity during hearing to introduce additional evidence to establish a genuine issue of material fact. Plaintiff did neither.
This assignment is without merit as we do not find that plaintiffs were prejudiced by the trial court's failure to consider the late-filed affidavit of Dr. Hargrave. However, even were we to consider that affidavit, we would not find that plaintiffs have established any genuine issue of material fact regarding a breach in the applicable standard of care by either Dr. Tedesco or Dr. Crook.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court dismissing plaintiffs' claims against Dr. Ignatius Tedesco, his insurer, St. Paul Fire & Marine Insurance Company, and Dr. Daniel Crook. Costs of this appeal are assessed to Allen Orea and his parents, David and Evone Orea.
AFFIRMED.