768 So.2d 799 (2000)
Patricia SOLOMON, Plaintiff-Appellant,
v.
TAYLOR BROKERAGE SERVICES, INC. d/b/a Monjuni's of Bossier, Defendant-Appellee.
No. 33,832-CA.
Court of Appeal of Louisiana, Second Circuit.
October 4, 2000.
*800 Charles G. Tutt, Thomas A. Bordelon, Shreveport, Counsel for Appellant.
Theodore J. Casten, Shreveport, Counsel for Appellee.
Before WILLIAMS, GASKINS and KOSTELKA, JJ.
WILLIAMS, Judge.
The plaintiff, Patricia Solomon, appeals the trial court's grant of summary judgment in favor of the defendant dismissing plaintiff's claim. For the following reasons, we affirm.

FACTS
On July 30, 1996, the plaintiff, Patricia Solomon, and her friend, Ida Vines, had lunch at Monjuni's Restaurant located at 526 Benton Road in Bossier City, Louisiana. As they were leaving the restaurant, the plaintiff slipped and fell near the front door. Plaintiff alleges that she fell after stepping on food that was on the floor.
In her deposition, the plaintiff testified that she did not notice anything on the floor prior to the fall; however, after she fell, she noticed a food substance that was square and approximately two inches long on the heel of her shoe. She further testified that she did not know how long the substance had been on the floor or exactly when she stepped on it.
Ida Vines testified that after the plaintiff fell, she noticed a piece of lasagna noodle on plaintiff's shoe. Vines also testified that she noticed a lasagna noodle approximately eight inches long on the floor in the area where the plaintiff fell. According to Vines, she did not see the noodle on the floor prior to the accident, and she did not know whether the plaintiff noticed the noodle before she slipped. Vines was not sure how the noodle came to be on the floor or how long it had been there before the plaintiff slipped and fell.
Jana Lee Hooper, a waitress at the restaurant, presented testimony that contradicts the testimony given by the plaintiff and Vines. Hooper was the waitress attending to the plaintiff and Vines during their meal. Hooper testified that she did not see the plaintiff fall, but she heard a noise behind her and turned around to find the plaintiff on the floor. Hooper further testified that she, Vines and Billy Gavin, another employee, helped the plaintiff up from the floor and into a chair. According to Hooper, she examined the plaintiff's shoe and found a "tiny piece" of lettuce on the front of the sole. Hooper testified that she did not see any lettuce or pasta on the floor near the scene of the accident.
Gene Kelsey, Mikey Whitlow and Augustine Dubrielle were other employees on duty when the plaintiff slipped and fell. None of these employees witnessed the incident or were aware of what actually caused the accident.
Mike Whitlow, the owner of this Monjuni's location, testified concerning the restaurant's policy for cleaning the floors. According to Whitlow, employees routinely sweep and clean the floor after lunch and dinner and they mop the floor with a sterilizing solution at night when the restaurant closes. Whitlow testified that the restaurant's policy requires all employees to watch for objects on the floor and keep the floors clear of any substances that might be hazardous.
On May 30, 1997, the plaintiff filed a petition to recover damages for injuries she allegedly sustained as a result of the accident. The defendant subsequently filed a motion for summary judgment. The trial court granted the defendant's motion for summary judgment, finding that the plaintiff failed to establish that the defendant created the condition, or that the defendant had actual or constructive *801 notice of the condition of the floor prior to the occurrence. The plaintiff appeals.

DISCUSSION
On appeal, the plaintiff challenges the trial court's grant of summary judgment. She contends the contradictory testimony created genuine issues of material fact which could only be resolved by conducting a trial.
In support of its motion for summary judgment, the defendant submitted excerpts from the depositions of the plaintiff, Ida Vines, Mike Whitlow and other restaurant employees. The defendant argued that no genuine issue of material fact exists because the plaintiff failed to establish that the defendant created or had actual or constructive notice of the condition that caused the damage, prior to the occurrence.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991); Orea v. Brannan, 30,628 (La.App.2d Cir.06/24/98), 715 So.2d 108; Berzas v. OXY USA, Inc., 29,835 (La.App.2d Cir.09/24/97), 699 So.2d 1149. The appellate court must question whether a genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318 (La.1993); Orea v. Brannan, supra.
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Ross v. Schwegmann Giant Super Markets, Inc., 98-1036 (La.App. 1st Cir. 5/14/99), 734 So.2d 910; Ledent v. Guaranty National Insurance Co., 31,346 (La.App.2d Cir.12/28/98), 723 So.2d 531.
Under the recently amended version of LSA-C.C.P. art. 966, the initial burden continues to remain with the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, the nonmoving party then must produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial. LSA-C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. LSA-C.C.P. arts 966 and 967.
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Genusa v. Dominique, 97-0047 (La.App. 1st Cir. 2/20/98), 708 So.2d 784. The substantive law applicable to this case is found in LSA-R.S. 9:2800.6(B), which sets forth in pertinent part:
In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

*802 (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
A claimant proves "constructive notice" by proving that the condition existed for such a period of time "that it would have been discovered if the merchant had exercised reasonable care;" the mere presence of an employee in the vicinity where the condition exists does not constitute constructive notice unless the claimant shows that the employee either knew, or in the exercise of reasonable care should have known, of the condition. LSA-R.S. 9:2800.6(C)(1).
In light of the foregoing principles, we must determine whether there is a genuine issue of material fact which precludes summary judgment in favor of the defendant, Monjuni's. In particular, we must determine whether the plaintiff, after the defendant pointed out the absence of factual support for constructive notice, failed to produce sufficient factual support regarding such notice.
The record reflects that the plaintiff slipped and fell seemingly due to a condition that existed on the defendant's premises. The issue of exactly what caused the plaintiff to slip and fall was never resolved. The plaintiff and Vines contend that the accident was caused by a piece of lasagna noodle that was on the floor. However, their waitress, Jana Hooper, testified that she attended to the plaintiff immediately after the accident and did not notice any food on the floor in the area where the plaintiff fell. Besides the plaintiff and Vines, there were no other witnesses to the accident.
Whether the plaintiff's accident was caused by a piece of lettuce or a piece of noodle, there is no evidence in the record to establish that the owner either created or had actual notice of the presence of the condition which caused the fall.[1] Accordingly, the case turned on the question of whether the defendant had constructive knowledge prior to the accident. After reviewing the evidence, the trial court stated that the record revealed the plaintiff presented no evidence as to the length of time the condition existed prior to the fall. Thus, the appellant failed to carry the burden of proving constructive notice as required by the statute.
After reviewing the record, we agree that plaintiff presented no evidence as to the length of time the condition existed prior to her fall. The incident did not occur at a place in the restaurant that would suggest the spill was caused by an employee rather than a customer, nor was the substance one that suggested a spill by an employee rather than a customer. Moreover, the spill occurred during lunch-time when many people were in the restaurant. According to Hooper, her section of tables in the restaurant was entirely full at the time of the accident. Thus, the spill could have been caused by a customer.
Accordingly, we conclude that the trial court was correct in finding the plaintiff failed to show the existence of a genuine issue of material fact or defendant's constructive notice of the presence of the condition prior to the occurrence. Therefore, the trial court properly granted summary judgment in favor of the defendant.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this *803 appeal are assessed to the plaintiff, Patricia Solomon.
AFFIRMED.
NOTES
[1] Plaintiff also contends that the configuration of the restaurant "[I]n itself is a dangerous condition created by the defendant which is an act of negligence separate and apart from its obligation to keep the floors clean." We disagree. The configuration of the restaurant and the fact that customers and waiters with trays of food must walk the same path are only factors to be considered in determining whether the defendant either created or had actual notice of the presence of the condition. There is absolutely no evidence in the record to prove that the "layout" of the restaurant was dangerous. This argument is meritless.