786 So.2d 240 (2001)
John David COOPER and Julie Cooper, Plaintiffs-Appellants,
v.
David F. COOPER, III, et al, Defendants-Appellees.
No. 34,717-CA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 2001.
*241 Doucet-Speer by J. Louis Gibbens, Jeffery F. Speer, Lafayette, Counsel for Appellants.
Cotton, Bolton, Hoychick & Doughty by Terry A. Doughty, Rayville, Counsel for Appellees.
Before NORRIS, BROWN and GASKINS, JJ.
BROWN, J.,
Plaintiff, John David Cooper, entered his father's property for the purpose of hunting deer. While on the land, John David helped some employees unload a deer stand and was injured. The father and his insurer successfully moved for summary judgment on the grounds that Louisiana's Recreational Use Statutes barred recovery. We affirm.

Facts and Procedural Background
Delta Bend Plantation is a 2,500 acre tract of land in Madison Parish, Louisiana, owned by defendant, David F. Cooper, III. According to the affidavit of David F. Cooper, III, 1,000 acres was in row-crop land leased to Gerald Collins, and approximately 1,245 acres was recreational property "to be sold for hunting or as recreational use."
On October 15, 1997, three men were on the property to move or set up several deer stands. According to David F. Cooper's affidavit and the deposition testimony of John David Cooper, the men were hired and paid by David F. Cooper. However, the affidavit of one of the workers, Bernard Bennett, stated that he was employed and paid by North End Farms. The deposition of John David Cooper indicated that *242 he, his father and brother operated North End Farms, a partnership. Bennett further stated in his affidavit that "his boss at North End Farms or supervisor was John David Cooper and that John David Cooper was in charge of he (sic), Jerry McWilliams, and Samuel K. Smith at the time the accident took place." This disputed fact, however, has no bearing on our decision.
On October 15, 1997, John David Cooper went to his father's property to bow hunt for deer. While driving his truck around the property, John David saw the hired men attempting to unload a tower stand from a trailer attached to a vehicle owned by one of the employees, Samuel K. Smith. John David offered to help the men. As the four men tried to get the stand upright, one of them lost his footing and the deer stand fell on top of John David, causing injuries to his shoulder, arm, neck and knee.
On October 5, 1998, John David and his wife Julie filed suit against David F. Cooper, III, and his insurer, Louisiana Farm Bureau Casualty Insurance Company; Samuel K. Smith, one of the workers who owned the vehicle pulling the trailer that was carrying the deer stand; Smith's automobile liability insurer, Louisiana Farm Bureau Mutual Insurance Company; and John David's uninsured/underinsured motorist insurer, Louisiana Farm Bureau Mutual Insurance Company.
Defendants filed an answer on November 23, 1999, alleging plaintiff fault and worker's compensation defenses. Subsequently, defendants filed a supplemental and amended answer raising the recreational activities defenses afforded by La. R.S. 9:2791 and 2795. Thereafter, defendants filed a motion for summary judgment on February 3, 2000, urging that plaintiffs' claims should be dismissed because they are barred by the Recreational Use Statutes. After a hearing, the trial court granted summary judgment dismissing plaintiffs' claims against Cooper and his insurer.[1] It is from this judgment that plaintiffs have appealed.

Discussion
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue of material fact, and the mover is entitled to judgment as a matter law. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Solomon v. Taylor Brokerage Services, Inc., 33,832 (La.App.2d Cir.10/04/00), 768 So.2d 799; Orea v. Brannan, 30,628 (La.App.2d Cir.06/24/98), 715 So.2d 108; Berzas v. OXY USA, Inc., 29,835 (La.App.2d Cir.09/24/97), 699 So.2d 1149.
Defendants, David F. Cooper, III and his insurer, based their motion for summary judgment upon the immunity granted under the Recreational Use Statutes, La. R.S. 9:2791 and 2795.[2]
Because the two statutes cited above are laws on the same subject, they *243 must be construed in reference to each other. Keelen v. State, Department of Culture, Recreation and Tourism, 463 So.2d 1287 (La.1985). In Monteville v. Terrebonne Parish Consolidated Government, 567 So.2d 1097, 1101 (La.1990), the supreme court explained the purpose of these provisions:
The stated goal of the Recreational Use Statutes is "to encourage owners of land to make land and water area available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." § 2795. If a suitable tract is properly dedicated to one or more of the specified recreational purposes, the landowner or occupier's exposure to liability to a person who enters or uses the premises for such a recreational purpose is drastically *244 limited. In such cases, the owner owes no duty of care to keep the premises safe or to give warnings of hazards, use, structure or activity on the premises. However, there is no limitation of liability for willful or malicious failure to guard or warn against a dangerous condition, structure, use or activity, or for injury when the premises are used as a commercial recreational development or facility or used primarily for a commercial, recreational enterprise for profit. §§ 2791; 2795.
To determine whether a landowner is immune from liability pursuant to either or both of the statutes, a three-part test set forth by the supreme court in Monteville, supra, is applicable. Ward v. Hermitage Insurance. Co., 28,236 (La.App.2d Cir.04/03/96), 671 So.2d 1229, writ denied, 96-1141 (La.09/03/96), 678 So.2d 554. This inquiry includes the following:
(1) The land upon which the injury occurs must be undeveloped, nonresidential and rural or semi-rural.
(2) The injury itself must be the result of a recreation that can be pursued in the "true outdoors."
(3) The injury-causing instrumentality must be of the type normally encountered in the "true outdoors" and not of the type usually found in someone's back yard.
In the instant case, plaintiffs concede that the accident occurred on rural land and that the injury-causing instrumentality, a deer stand, was of the type normally encountered in the true outdoors. Plaintiffs, however, argue that John David's injury was not the result of his pursuit of a recreational activity.
In his deposition, when asked why he was at the property, John David Cooper stated:
A: "I was at theI'd headed over there to hunt that day."
Q: "Bow-hunt?"
A: "Yes, to bow-hunt."
John David stated that he had been at the farm perhaps two hours and had not done any hunting, when, around noon or shortly thereafter, while driving around the property, he came upon Samuel Smith, Jerry McWilliams and Bernard Bennett. He knew that these men were going to be on the land and that their purpose in being there was to move a few deer stands and erect several other stands.
John David first saw the three men as they were getting ready to put the tower stand into the air. He offered to help them. As the four men tried to get the stand upright, they lost control of it and it fell, striking John David and causing his injuries.
La.R.S. 9:2791 and 2795 do not require that the injury arise out of the recreational activity per se, as long as the person injured is on the property for the recreational purpose.
Specifically, La.R.S. 9:2791(A) provides that:
An owner, lessee or occupant of premises owed no duty of care to keep such premises safe for entry or use by others for hunting, fishing, camping, hiking, sightseeing, or boating, or to give warning of any hazardous conditions, use of, structure or activities on such premises to persons entering for such purposes. (Emphasis added).
In Ward, supra, the plaintiff asserted that he was merely walking along a trail in the woods and was on the property for the purpose of putting out deer corn when he was accidentally shot by a 16 year old hunter. In Ward, we concluded that the trial court correctly determined that Ward's reasons for being on the property *245 were recreational, inasmuch as putting out deer corn was preparation for the hunt.
In Lewis v. State Farm Fire & Casualty Company, 94-2639 (La.App. 4th Cir.04/26/95), 654 So.2d 883, a boater was injured when he fell through a pier at a private fishing camp. The boater and others had been waterskiing when the steering mechanism on their boat broke, causing them to paddle to the pier. The defendant camp owner claimed immunity under the Recreational Use Statutes and moved for summary judgment. Plaintiff argued that he was not at the defendant's camp for recreational purposes, and therefore, the immunity provisions did not apply. Granting the defendant's motion, the district court stated in its reasons for judgment that "[t]he fact that the boat experienced mechanical problems did not change the nature of the day's activities." The court of appeal agreed and affirmed.
We conclude that the Recreational Use Statutes are applicable in this case. John David Cooper admitted that he was on the property for the purpose of bow hunting, even though he had not yet begun to hunt. He was injured while helping put up a tower stand from which was at some future time deer would be hunted. It is undisputed that John David entered the premises on the date of the accident to hunt deer. The work of putting up the deer stand was incidental to such entry. In addition and independently, as in Ward, supra, John David's act of putting up the deer stand was done in preparation for hunting. Accordingly, because John David Cooper was on the property for recreational purposes and because the deliberate, willful or malicious injury/act/failure to act sections of the statutes are inapplicable, defendants are entitled to statutory immunity under these provisions.

Conclusion
For these reasons, the judgment of the district court is affirmed. Costs of this appeal are assessed to plaintiffs-appellants, John David and Julie Cooper.
AFFIRMED.
NOTES
[1] Plaintiffs' motion for summary judgment was denied by the trial court. Summary judgment was also denied as to Smith and Farm Bureau Mutual, Smith's insurer and John David's UM insurer.
[2] The relevant portions of these provisions state:

§ 2791. Liability of owner or occupant of property not used primarily for commercial recreational purposes
A. An owner, lessee, or occupant of premises owes no duty of care to keep such premises safe for entry or use by others for hunting, fishing, camping, hiking, sightseeing or boating or to give warning of any hazardous conditions, use of, structure or activities on such premises to persons entering for such purposes. If such an owner, lessee or occupant give permission to another to enter the premises for such recreational purposes he does not thereby extend any assurance that the premises are safe for such purposes or constitute the person to whom permission is granted one to whom a duty of care is owed, or assume responsibility for or incur liability for any injury to persons or property caused by any act of person to whom permission is granted.
B. This Section does not exclude any liability which would otherwise exist for deliberate and willful or malicious injury to persons or property, nor does it create any liability where such liability does not now exist. Furthermore the provisions of this Section shall not apply when the premises are used principally for a commercial, recreational enterprise for profit; existing law governing such use is not changed by this Section.
C. The word "premises" as used in this Section includes lands, roads, waters, water courses, private ways and buildings, structures, machinery or equipment thereon.
§ 2795. Limitation of liability of landowner of property used for recreational purposes; property owned by the Department of Wildlife and Fisheries; parks owned by public entities
A. As used in this Section:
(1) "Land" means land, roads, water, watercourses, private ways and buildings, structures, and machinery or equipment when attached to the realty.
(2) "Owner" means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises.
(3) "Recreational purposes" includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized vehicle operation for recreation purposes, nature study, water skiing, ice skating, sledding, snow mobiling, snow skiing, summer and winter sports, and viewing or enjoying historical, archaeological, scenic, or scientific sites.
B. (1) Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:
(a) Extend any assurance that the premises are safe for any purposes.
(b) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.
(c) Incur liability for any injury to person or property caused by any defect in the land regardless of whether naturally occurring or man-made.
D. Nothing in this Section shall be construed to relieve any person using the land of another for recreational purposes from any obligation which he may have in the absence of this Section to exercise care in his use of such land and in his activities thereon, or from the legal consequences of failure to employ such care.
F. The limitation of liability extended by this Section to the owner, lessee, or occupant of premises shall not be affected by the granting of a lease, right of use, or right of occupancy for any recreational purpose which may limit the use of the premises to persons other than the entire public or by the posting of the premises so as to limit the use of the premises to persons other than the entire public.