CLARENCE E. McMANUS, Judge.
| STATEMENT OF THE CASE
On April 23, 1999, Eddie Bradham (“Bradham”) and his wife, Betty, filed a Petition for Damages against Union Carbide Corporation (“UCC”), Cameron Cal-luiet, Larry Riley, and Mike Parker. The individual defendants were all employed by UCC. Bradham alleged he was employed by Fluor Daniel on April 23, 1998 as a millwright at the UCC facility in Taft, Louisiana. He further alleged that on that date, he was working in the EA-1 Unit and there was a pressure swing in the unit causing the release of toxic airborne chemicals which he came in contact with. As a result of this exposure to toxic chemicals, Bradham claimed he suffered burning of the eyes, nose and throat, shortness of breath, nauseau, and a skin rash over his entire body.
Bradham alleged he reported the incident and was sent to a company doctor. He continued to suffer headaches, sleeplessness, irritability, nervousness, and respiratory difficulties. He ceased his employment with Fluor Daniel on May 18, 1998. He claimed the sole cause of his injuries was exposure to teratogen, amines, and other hazardous and toxic materials released into the air by UCC. He claimed the injuries and damages he suffered were caused by UCC’s, and the other | individual defendant’s, failure to prevent the leak of toxic substances in the *848 EA-l Unit and their failure to warn of the existence and release of toxic substances.
Defendants filed a Peremptory Exception of No Cause of Action and No Right of Action and a Motion to Strike on January 26, 2004. Defendants argued the plaintiffs failed to allege a cause of action for strict or absolute liability and failed to allege a cause of action for exemplary damages. Defendants also alleged plaintiffs had no right of action regarding a nuisance action because they were not in the class of persons entitled to bring such a claim.
The trial court granted these exceptions by Judgment dated April 5, 2004. The trial court stated that all references by plaintiffs to strict liability, absolute liability, exemplary or punitive damages, negligence per se or a nuisance action were stricken from the petition.
Defendants then filed a motion for summary judgment on May 4, 2004 arguing the facts show that Bradham was not working in the EA-l unit at the time of the alleged incident and there was no evidence that a “pressure swing” occurred at the UCC facility on April 23, 1998. Defendants presented the incident report completed by Bradham following the alleged incident and it stated that he discovered a rash on his body on April 28, 1998 and the cause was unknown. The individual defendants stated in affidavits that they had no knowledge of a “pressure swing”. In addition, Bradham, in his own deposition, stated that he did not know of a specific pressure swing on that date. Further, when questioned during his deposition, he did not even know who the individual defendants were and he stated he had never spoken to them. UCC also produced its site coordinator logs that do not indicate anything abnormal for April 23, 1998. Finally, UCC produced evidence that showed Bradham was actually working in the Ole-fins Unit on April 23, 1998 and the logs show that nothing happened in that unit either.
|4In response to this motion for summary judgment, the plaintiffs filed a Second Supplemental and Amending Petition. That petition stated that from April 6, 1998 to April 27, 1998, Bradham was assigned to work in the Olefin 1 Unit and during his employment he inhaled, ingested and suffered dermal exposure to various toxic and hazardous chemicals. He stated specifically, on April 23,1998, he observed vapors escaping from a pipe approximately 25 feet away from where he was working. Bradham also claimed he was exposed to vapor emissions in other areas of the facility and that there were numerous ground and airborne releases at the UCC facility near where he was working. Bradham claimed he was continuously exposed to chemicals, including, ethyl acrylate, ethylene propylers, methane, ace-taledehyde, and other hazardous materials.
UCC filed a motion for partial summary judgment on April 14, 2004. UCC also filed a motion to exclude evidence and testimony of neurological testing. A judgment was issued by the trial court on June 1, 2005 denying the motion for partial summary judgment and the motion to exclude testimony and evidence. The motion for summary judgment regarding liability was granted.
Thereafter, on September 27, 2006, UCC filed another Motion for Summary Judgment based on Allegations of Exposure, Liability, and Prescription or alternatively, a Peremptory Exception of Prescription. UCC argued that the plaintiffs’ claims should be dismissed for lack of evidence of a specific chemical release that caused plaintiffs’ alleged injuries. Plaintiffs’ toxicologist, Dr. William Sawyer wrote a report dated May 15, 2005 stating that Brad-ham’s injuries were related to an April 19, *849 1998 ethylene oxide release in the Oxide 1 unit. The original suit alleged Bradham had been exposed to toxic chemicals on April 23, 1998 because of a “pressure swing” in the EA-1 unit where he was working. In a supplemental and amending petition, Bradham alleged he was working in the IsOlefin unit when he reported the rash. Bradham’s own deposition testimony was that he wasn’t present in the facility, or in the vicinity, on April 19, 1998 at the time of the alleged release. Based on these differing allegations of exposure and lack of evidence to support the allegations of exposure, UCC argued the claims by plaintiffs should be dismissed.
UCC also filed a Motion for Summary Judgment Based on Medical Evidence. UCC argued that there was no evidence to establish that any symptom or condition for which the plaintiffs seek recovery were related to any alleged chemical exposure, so the claims by plaintiffs should be dismissed.
Both motions for summary judgment were heard by the trial court on January 19, 2007. A ruling with reasons was transcribed by the trial court on February 28, 2007 and a Final Judgment was signed by the trial court on March 27, 2007. The trial court denied the Motion for Summary Judgment based on Medical Evidence and denied the Peremptory Exception of Prescription. The trial court granted the Motion for Summary Judgment Based on Allegations of Exposure and dismissed the suit in its entirety, with prejudice, at plaintiffs’ costs.
The trial court denied the Peremptory Exception of Prescription because it found that the plaintiff may not have reasonably known on April 19, 1998 that his injuries resulted from a chemical exposure on that date. Therefore, his petition filed on April 23, 1999 was not prescribed. The trial court denied UCC’s motion for summary judgment based on medical evidence finding that the testimony of plaintiffs’ expert toxicologist, Dr. William Sawyer, presents a genuine issue as to whether Bradham’s injuries and symptoms could be caused by exposure to ethylene oxide, which is an issue in which reasonable persons could disagree. The trial court granted UCC’s motion for summary judgment based on allegations of exposure, finding that the plaintiffs could not prove exposure to a specific release | fiof ethylene oxide or other harmful chemical, therefore, he could not meet his evidentiary burden of proof at trial. The trial court further found that plaintiffs’ claim of general, random exposure to chemicals at the Carbide plant is insufficient under Berzas v. OXY, 699 So.2d 1149 (La.App. 1st Cir.9/24/97).
Plaintiffs filed a Motion for New Trial on April 20, 2007. The trial court denied that motion on April 25, 2007. Plaintiffs now file this appeal arguing one assignment of error. Plaintiffs argue the trial court erred in granting UCC’s motion for summary judgment based solely on the issue of factual causation. Plaintiffs contend they have sustained their burden of proof under summary judgment standards and Louisiana Supreme Court decisions because disputed issues of factual causation exist related to the plaintiffs’ claims of injury related to toxic exposures. Plan-tiffs further contend that the courts’ prior rulings on the same issue constitute the law of the case.

DISCUSSION

For the reasons which follow, we affirm the trial court’s judgment granting summary judgment in favor of UCC and against plaintiffs regarding allegations of exposure.
Appellate courts review summary judgments de novo under the same *850 criteria that governs the district court’s consideration of whether summary judgment is appropriate. Dunn v. Pons, 03-1486 (La.App. 5 Cir. 4/27/04), 873 So.2d 811, citing Knight v. Owens, 03-1064 (La.App. 5 Cir. 2/23/04), 869 So.2d 188. We must consider whether the summary judgment is appropriate under the circumstances of the case and whether there is a genuine or triable issue on which reasonable minds could disagree. Id. A material fact is one that would matter in the trial on the merits. Id.
LSA-C.C.P. art. 966 provides that summary judgment be granted when the pleadings, depositions and other documents show there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. The article also declares that summary judgment procedure is favored and must be construed to accomplish the just, speedy and inexpensive determination of most actions. The burden of proof remains with the mover.
The summary judgment granted by the trial court dealt specifically with the issue of causation and the lack of evidence by plaintiffs to prove that Bradham was exposed to a specific harmful chemical that may have caused his injury. We agree with the trial court and find that Bradham has not presented evidence to prove this exposure.
In his original petition, Bradham alleged he was exposed to harmful chemicals on April 23, 1998 in the EA-1 Unit due to a “pressure swing”. In a Second Supplemental and Amending Petition he alleged he was exposed to toxic and hazardous chemicals in the Olefins 1 Unit on April 23, 1998 when he saw vapors escaping from a pipe about 25 feet from where he was working. The evidence presented with the motion for summary judgment does not support either theory of exposure presented by Bradham.
First, it has been established that Brad-ham was not in the EA-lUnit on April 23, 1998, as he alleged in his original petition. His own deposition testimony states that he was in the Olefins 1 Unit on April 23, 1998. In addition, the Injury/Illness Report completed by Bradham and Connie Galarneau, Fluor Daniel’s on-site nurse, states the injury occurred in the Olefins 1 Unit. Further, Bradham has presented no evidence of a chemical release or leak in either the Olefins 1 Unit nor the EA-1 Unit on that day. He claimed to have witnessed vapors escaping a |spipe 25 feet from where he was working in the Olefins 1 Unit on April 23, 1998, however, he has presented no factual basis or evidence of this incident.
Plaintiffs have presented a report and deposition testimony from their expert toxicologist, Dr. William Sawyer. Dr. Sawyer references a chemical release of ethylene oxide on April 19, 1998. This release is documented in the Taft Plant Spill Site Coordinator Log and the Taft Plant Spill & Release Report. Both of these documents, prepared by UCC employees, document a release of ethylene oxide on April 19, 1998 at 9:35 p.m. in the Oxide 1 Unit. This release lasted approximately forty-five minutes. In his report, Dr. Sawyer states that based on Bradham’s deposition testimony regarding witnessing the “mist” escaping from a pipe 25 feet away, Brad-ham was in dangerous range of exposure to ethylene oxide. Dr. Sawyer also stated in his deposition that ethylene oxide gas dissipates very rapidly and he would not expect the residual gas to reside in an outdoor environment once the release had been terminated. Dr. Sawyer also stated that in order to be affected by the release of ethylene oxide, a person would have to be physically present during the release. The release lasted from 9:35 p.m. until approximately 10:20 p.m.
*851 However, Bradham has presented no evidence to show that he was present in the Oxide 1 Unit at 9:35 p.m. when the documented chemical release occurred. Brad-ham testified that on April 19, 1998, he worked from 7 a.m. until 5 p.m. and returned to work the same hours on April 20, 1998. Therefore, Bradham was not present when the 9:35 p.m. release occurred. Further, according to Dr. Sawyer’s opinion, there would be no residual ethylene oxide in the vicinity by the time Bradham returned to work the next morning. Additionally, Bradham testified he was working in the Olefins 1 Unit, not the Oxide 1 Unit. The Injury/Illness Report also stated Bradham was working in the Olefins 1 Unit. Therefore, Bradham has | presented no evidence to prove he was exposed to ethylene oxide as a result of the April 19,1998 release.
Additionally, the Injury/Illness Report, which was completed on April 27, 1998, indicates Bradham discovered a rash on April 23, 1998. The deposition testimony of Connie Galarneau, the on-site nurse that completed the report, was that Bradham did not know how he got the rash. He came to her to complete the report on Monday, April 27, 1998 and said he had gotten into something on Friday, April 25, 1998 but he did not give any specifies regarding how or what he got into. Galar-neau wrote “unsure if job related” on the report because Bradham did not tell her of any chemical release and no fellow workers had reported a chemical release for the time Bradham indicated he had gotten the rash.
Bradham has failed to provide evidence that there was a chemical release or that he was exposed to hazardous chemicals on April 23, 1998 in the Olefins 1 Unit, as he alleged in his Second Supplemental and Amending Petition. In addition, he has failed to provide evidence that he was present on April 19, 1998 in the Oxide 1 Unit when there was a chemical release of ethylene oxide. His own expert has attributed his alleged injuries to this April 19, 1998 chemical release, but plaintiffs have not shown that Bradham was present. Therefore, we find the plaintiffs have failed to provide any evidence that Brad-ham has been exposed to any hazardous or toxic chemicals.
We find the plaintiffs have failed to meet their burden of producing factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial. The plaintiffs have failed to show that Bradham was exposed to a specific harmful chemical and there are no genuine issues of material fact. Additionally, we agree with the trial court and find that UCC is entitled to judgment as a matter of law. Therefore, we find the trial court correctly granted | insummary judgment regarding causation in favor of UCC and correctly dismissed all claims against defendants, with prejudice.
Accordingly, the judgment of the trial court granting summary judgment in favor of UCC and dismissing all claims of plaintiffs, with prejudice, is affirmed.

AFFIRMED.