959 So.2d 921 (2007)
Robert Gene WEBB
v.
THE PARISH OF ST. TAMMANY, Recreational District No. 1, the Louisiana Department of Transportation and Development, XYZ Management Company, ABC Insurance Company and 123 Insurance Company.
No. 2006 CA 0849.
Court of Appeal of Louisiana, First Circuit.
February 9, 2007.
Writ Denied April 27, 2007.
*922 Hector R. Lopez, Brian G. Meissner, Rykert O. Toledano, Jr., Gordon R. Herrin, Covington, Counsel for Plaintiff/Appellant Robert Gene Webb.
Stephen D. Enright, Jr., Lauren E. Brisbi, Metairie, Counsel for Defendant/Appellee Recreation District Number 1 of St. Tammany Parish.
Before: CARTER, C.J., WHIPPLE and McDONALD, JJ.
*923 McDONALD, J.
Plaintiff, Robert Gene Webb, appeals a district court judgment granting the defendant's motion for summary judgment. We affirm.

FACTUAL AND PROCEDURAL HISTORY
On April 18, 2002, Mr. Webb participated in an organized softball game at Pelican Park in Mandeville, Louisiana. Upon completion of the game, Mr. Webb mounted his motorcycle in the parking lot adjacent to the softball field and prepared to leave the park. Just before he exited the parking lot onto the roadway leading out of the park, the lights on the softball field, which had provided incidental lighting to the roadway, were extinguished. Thereafter, while still on park property, Mr. Webb failed to properly negotiate an "S" curve in the roadway and lost control of his motorcycle. As a result, Mr. Webb landed in a storm drain near the roadway, sustaining severe personal injuries.
Mr. Webb subsequently filed suit against various defendants, including Recreation District Number One of St. Tammany Parish (the District),[1] the operator of Pelican Park. The District filed a motion for summary judgment, contending that it was entitled to immunity pursuant to LSA-R.S. 9:2795. After a hearing, the district court granted the motion in open court. A judgment granting the motion and dismissing Mr. Webb's claims against the District was signed on December 8, 2005. It is from this judgment that Mr. Webb has appealed.

APPLICABLE LAW
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. Duplantis v. Dillard's Dept. Store, XXXX-XXXX, p. 5 (La.App. 1 Cir. 5/9/03), 849 So.2d 675, 679, writ denied, XXXX-XXXX (La.10/10/03), 855 So.2d 350. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial, its burden on the motion does not require it to negate all essential elements of the adverse party's action, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2). Because it is the applicable law that determines materiality, whether a particular fact in dispute is "material" for summary judgment purposes can be seen only in light of the substantive law applicable to the case. Dickerson v. Piccadilly Restaurants, Inc., 99-2633, pp. 3-4 (La. App. 1 Cir. 12/22/00), 785 So.2d 842, 844.
Louisiana Revised Statute 9:2795 provides:
A. As used in this Section:
(1) "Land" means urban or rural land, roads, water, watercourses, private ways or buildings, structures, and machinery *924 or equipment when attached to the realty.
(2) "Owner" means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises.
(3) "Recreational purposes" includes but is not limited to any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized, or nonmotorized vehicle operation for recreation purposes, nature study, water skiing, ice skating, roller skating, roller blading, skate boarding, sledding, snowmobiling, snow skiing, summer and winter sports, or viewing or enjoying historical, archaeological, scenic, or scientific sites.
(4) "Charge" means the admission price or fee asked in return for permission to use lands.
(5) "Person" means individuals regardless of age.
B. (1) Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:
(a) Extend any assurance that the premises are safe for any purposes.
(b) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.
(c) Incur liability for any injury to person or property caused by any defect in the land regardless of whether naturally occurring or man-made.
(2) The provisions of this Subsection shall apply to owners of commercial recreational developments or facilities for injury to persons or property arising out of the commercial recreational activity permitted at the recreational development or facility that occurs on land which does not comprise the commercial recreational development or facility and over which the owner has no control when the recreational activity commences, occurs, or terminates on the commercial recreational development or facility.
C. Unless otherwise agreed in writing, the provisions of Subsection B shall be deemed applicable to the duties and liability of an owner of land leased for recreational purposes to the federal government or any state or political subdivision thereof or private persons.
D. Nothing in this Section shall be construed to relieve any person using the land of another for recreational purposes from any obligation which he may have in the absence of this Section to exercise care in his use of such land and in his activities thereon, or from the legal consequences of failure to employ such care.
E. (1) The limitation of liability provided in this Section shall apply to any lands or water bottoms owned, leased, or managed by the Department of Wildlife and Fisheries, regardless of the purposes for which the land or water bottoms are used, and whether they are used for recreational or nonrecreational purposes.
(2)(a) The limitation of liability provided in this Section shall apply to any lands, whether urban or rural, which are owned, leased, or managed as a public park by the state or any of its political subdivisions and which are used for recreational purposes.
(b) The provision of supervision on any land managed as a public park by the state or any of its political subdivisions does not create any greater duty of care which may exist and does not create *925 a duty of care or basis of liability for personal injury or for damage to personal property caused by the act or omission of any person responsible for security or supervision of park activities, except as provided in Subparagraph (E)(2)(d) of this Section.
(c) For purposes of the limitation of liability afforded to parks pursuant to this Section this limitation does not apply to playground equipment or stands which are defective.
(d) The limitation of liability as extended to parks in this Section shall not apply to intentional or grossly negligent acts by an employee of the public entity.
F. The limitation of liability extended by this Section to the owner, lessee, or occupant of premises shall not be affected by the granting of a lease, right of use, or right of occupancy for any recreational purpose which may limit the use of the premises to persons other than the entire public or by the posting of the premises so as to limit the use of the premises to persons other than the entire public.

DISCUSSION
In his first assignment of error, Mr. Webb contends that the district court erred in granting summary judgment because the District failed to demonstrate that it did not willfully or maliciously fail to warn against a dangerous condition on the park property. The parties do not dispute that the District operated Pelican Park or that the park was made available to the public for recreational purposes. It is further undisputed that Mr. Webb had gone to Pelican Park on the day in question to participate in recreational activities. Thus, as the party moving for summary judgment, the District had sustained its initial burden of proof and established a prima facie case that it was entitled to immunity pursuant to LSA-R.S. 9:2795.
After the District carried its initial burden, the burden shifted to Mr. Webb to prove the existence of an unreasonably dangerous condition on the park property. However, Mr. Webb failed to introduce any evidence that any such condition existed on the property. Therefore, Mr. Webb failed to demonstrate that he would be able to meet his burden of proof at trial.
In his second assignment of error, Mr. Webb contends that the trial court erred in granting summary judgment because there was a genuine issue of material fact as to whether he was engaging in recreational activity at the time of the accident. According to Mr. Webb, because the softball game had been completed, and he was merely exiting the park at the time of the accident, the District was no longer entitled to the immunity provided by LSA-R.S. 9:2795.
A plain reading of the statute does not provide support for this argument. The statute does not require that the injury arise out of the recreational activity per se, as long as the person injured was on the property for a recreational purpose. Cooper v. Cooper, 34,717, p. 6 (La.App. 2 Cir. 5/9/01), 786 So.2d 240, 244, writ denied, XXXX-XXXX (La.9/21/01), 797 So.2d 675. The record is clear that Mr. Webb went to Pelican Park on the date of the accident to participate in recreational activities, and he was still on park property at the time of the accident. Thus, we find no merit in this assignment of error.
In his final assignment of error, Mr. Webb avers that the district court erred in granting the summary judgment because there were genuine issues of material fact about whether he was on land used for recreational purposes at the time of the incident. In support of this argument, *926 Mr. Webb relies on the jurisprudentially established three-prong test for determining whether the property in question is used for recreational purposes within the meaning of the statute. Specifically, Mr. Webb relies on the first prong, which requires that the property on which the injury occurs must be an undeveloped, nonresidential, and rural or semi-rural locale. Johnson v. City of Morgan City, 99-2968, p. 3 (La. App 1 Cir. 12/22/00), 787 So.2d 326, 329, writ denied, 01-0134 (La.3/16/01), 787 So.2d 315. Mr. Webb suggests that this prong has not been met because at the time of the accident, he was exiting the park on a paved, developed road. He further contends that the road was not intended or used for recreational purposes as it was merely intended to provide access to and from the park.
We note that the incident in Johnson occurred prior to the 2001 amendment of LSA-R.S. 9:2795, which extended the provisions of the statute to urban lands as well. Therefore, the plain language of the statute does not preclude its application to the paved road on Pelican Park property.[2] Furthermore, the record is clear that Mr. Webb was still on park property at the time of the accident, and that the park was used for recreational purposes. Thus, his specific location on the property is irrelevant.
After a de novo review of the record, we find no error in the judgment of the district court. Accordingly, we affirm the judgment of the district court. All costs of this appeal are assessed to Robert Gene Webb.
AFFIRMED.
WHIPPLE, J., concurs for reasons assigned.
WHIPPLE, J. concurring.
In accordance with the recreational use immunity statute, after the District carried its initial burden, the burden shifted to Mr. Webb to prove the existence of an unreasonably dangerous condition on the park property and the District's willful or malicious failure to warn of such a condition. See LSA-R.S. 9:2725(B). Pretermitting whether Mr. Webb made a showing of willful or malicious failure to warn, clearly, Mr. Webb failed to introduce any evidence that any such unreasonably dangerous condition existed. Therefore, as the majority correctly notes, Mr. Webb failed to make the required showing that he would be able to meet his burden of proof at trial. For these reasons, I concur in the majority's decision to affirm the judgment of the district court.
NOTES
[1] The District is interchangeably referred to throughout the record as "Recreational District No. 1," "Recreation District No. 1," and "Recreation[al] District Number One."
[2] We do not address the continued applicability of Johnson in light of the amendment; rather, we merely note that the amended language of the statute specifically indicates that it is applicable to this property.