YOLANDA McCANTS
v.
ZODIAC DEVELOPMENT, A JOINT VENTURE AND INDIANA INSURANCE COMPANY.
No. 2007 CA 0740.
Court of Appeal of Louisiana, First Circuit.
December 21, 2007.
NOT DESIGNATED FOR PUBLICATION.
PAUL R. MATZEN, Plaintiff/Appellant, Yolanda McCants.
RANDI S. ELLIS, DANIEL R. ATKINSON, Jr., Counsel for Defendants/Appellees, Zodiac Development, A Joint Venture, and Indiana Insurance Company.
Before WHIPPLE, GUIDRY, and HUGHES, JJ.
WHIPPLE, J.
This is an appeal from a summary judgment rendered in favor of Zodiac Development, dismissing plaintiff's claims. For the reasons that follow, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND
On January 16, 2004, near lunch time between 11:00 a.m. and 1:00 p.m., plaintiff, Yolanda McCants, went to the Regions Bank branch located in Essen Center at 5353 Essen Lane in Baton Rouge to cash her paycheck. While walking on the sidewalk toward the entrance to the bank, plaintiff twisted her left ankle.
On January 18, 2005, plaintiff filed a suit for damages and expenses against Zodiac Development, the owner of the parking lot, and its insurer, Indiana Insurance Company, (collectively referred to hereinafter as "Zodiac") alleging that she "stumbled as a result of an uneven sidewalk."[1] Plaintiff further alleged that the sidewalk contained a defect that caused or contributed to her "fall," which was the result of "the initial improper design, engineering or [construction]" of the property such that it posed a hazard to pedestrians walking on the sidewalk from the parking area.
Zodiac filed a motion for summary judgment contending that plaintiff was unable to show: (1) that a defect existed in the sidewalk; (2) that the sidewalk presented an unreasonable risk of harm; or (3) that defendants knew or should have known that the sidewalk constituted or contained a defect that presented an unreasonable risk of harm. Zodiac noted that the Essen Center was originally designed and constructed by previous owners prior to the time Zodiac acquired full ownership of the Essen Center, that no repairs or improvements had been needed or made, other than restriping with fresh paint, and that no other injuries or accidents had been reported regarding the sidewalk or ramp, other than the claims by plaintiff. At the hearing on Zodiac's motion for summary judgment, the trial court found that an issue of fact existed concerning whether the building was incomplete at the time it was purchased by Zodiac and whether Zodiac was involved in the design and/or construction of the exterior sidewalk and access ramp where plaintiff alleged that she fell. The trial court then denied Zodiac's motion.
A motion for summary judgment was subsequently re-urged by Zodiac on August 18, 2006. In support, Zodiac filed the affidavit and deposition testimony of the property manager, Norman Bacon, and the affidavit of Mohammed M. Sharnma, a part owner of Zodiac Development, all of which indicated that the exterior concrete work, including the access ramp and sidewalks, had been completed at the time Zodiac purchased the property and building. After considering the evidence and argument of the parties, the trial court granted Zodiac's motion for summary judgment and dismissed plaintiffs claims. In doing so, the trial court noted:
The matter was previously before the Court on February 13, 2006, at which time the Court denied defendant's motion for summary judgment. Specifically, the Court found an issue of fact as to whether defendant had anything to do with the construction of the ramp upon which plaintiff had fallen. I found that that was an issue of constructive knowledge and, therefore, summary judgment on that issue was not appropriate. Defendant has now re[-]urged the motion for summary judgment[,] which specifically addresses that issue. He attaches the affidavit of Mohammed Shamrna, as well as portions of the deposition of Norman Bacon, which resolves that issue. According to this information, defendant purchased the property in December of 1987. It was still in the construction phase, however, the shell of the building and all exterior concrete work, including the ramp in question, had been completed. Defendant had nothing to do with the design or construction of the ramp, therefore, did not create, as owner and builder, the alleged defect. There [were] no subsequent changes or modifications made to the ramp in question during defendant's ownership of it, and according to the deposition testimony of Mr. Bacon, there have been no other problems or falls in the almost 20 years the defendant has owned the property. Plaintiff's burden in this case is to show the existence of a vice or defect, i.e., an unreasonably dangerous condition, and actual or constructive knowledge on the part of the defendant. Plaintiffs argument on the issue of knowledge is that they put  defendant was put on notice of all of the alleged defects after the purchase of the Essen Center from the original owner because defendant hired the same architectural firm, and that's James Dodds Architects, that had originally designed the building. Plaintiff argues that the knowledge of the architectural firm is thereby somehow imputed to Zodiac as a subsequent purchaser of the property, and the record and facts in this case don't support that argument. A review of the record reflects that it's void of any facts that in any way impute knowledge of the original architect to a subsequent purchaser after construction on an area in question was completed. Therefore, the plaintiff has not come forward to show there is an issue of material fact regarding the issue of either implied or constructive knowledge on the part of the owner. Therefore, based on the record before the Court, the Court will grant the motion for summary judgment on behalf of Zodiac, dismissing plaintiffs case as against that defendant, with prejudice, at plaintiff's costs.
Plaintiff then filed the instant appeal.

DISCUSSION
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. Webb v. The Parish of St. Tammany, XXXX-XXXX (La. App. 1st Cir. 2/9/07), 959 So. 2d 921, 923, writ denied, XXXX-XXXX (La. 4/27/07), 955 So. 2d 695. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial, its burden on the motion does not require it to negate all essential elements of the adverse party's action, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2).
When a motion for summary judgment is made and supported as provided by law, an adverse party may not rest on the mere allegations and denials of his pleadings. His response, by affidavits or otherwise provided by law, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be rendered against him. LSA-C.C.P. art. 967; Robles v. ExxonMobile, XXXX-XXXX (La. App. 1st Cir. 3/28/03), 844 So. 2d 339, 341. Moreover, because it is the applicable law that determines materiality, whether a particular fact in dispute is "material" for summary judgment purposes can be seen only in light of the substantive law applicable to the case. Dickerson v. Piccadilly Restaurants, Inc., 99-2633 (La. App. 1st Cir. 12/22/00), 785 So. 2d 842, 844.
In the instant case, plaintiff asserted claims under LSA-C.C. arts. 2317, 2317.1 and 2322. Louisiana Civil Code articles 2315 and 2316 provide the basic codal foundation for delictual liability in our state. In addition to those articles, LSA-C.C. arts. 2317.1 and 2322 define the basis for delictual liability for defective things and buildings.[2] Louisiana Civil Code article 2317.1 provides:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
Louisiana Civil Code article 2322 provides the same standard of proof for liability for a defective "building" and its components:
The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
Thus, in order to establish liability based on ownership or custody of a thing, the plaintiff must prove that: (1) the defendant was the owner or custodian of the thing which caused the damage; (2) the thing had a ruin, vice, or defect that created an unreasonable risk of harm; (3) the ruin, vice, or defect of the thing caused the damage; (4) the defendant knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defeat; (5) the damage could have been prevented by the exercise of reasonable care; and (6) the defendant failed to exercise such reasonable care. Leonard v. Ryan's Family Steak Houses, Inc., XXXX-XXXX (La. App. 1st Cir. 6/21/06), 939 So. 2d 401, 404-405.
On appeal, plaintiff contends: (1) that the trial court failed to consider the entirety of the record; (2) that the issue of actual or constructive knowledge is an issue of fact more appropriate for trial; and (3) that the trial court's determination that the ramp in question did not present an unreasonable risk of harm is also a fact in dispute, which should be resolved by the trier of fact.

ASSIGNMENT OF ERROR NUMBER ONE
In support of the contention that the trial court failed to consider the entirety of the record, as set forth in plaintiff's first assignment of error, plaintiff argues that the trial court failed to cite to specific provisions of Dodd's records or Bacon's affidavit and deposition testimony in its oral reasons for judgment. In particular, plaintiff argues that the trial court's statement that "[t]here [were] no subsequent changes or modifications made to the ramp in question during defendant's ownership of it," conflicts with the testimony set forth in Bacon's deposition. We find no merit to this argument.
Bacon, who served as property manager for Essen Center from 1993 to 2005, specifically testified that any patchwork or striping work performed in the parking lot did not involve the sidewalk "at all." Moreover, Bacon stated in the affidavit that from August of 1993 until January 16, 2004, the date of the alleged incident, there were no repairs or improvements made to the sidewalk in question. Further, Shamma stated in his affidavit that no changes were made to the parking lot, concrete ramp at issue, or any ramp leading from the parking lot to the building since the purchase of the building by Zodiac.
Accordingly, we find no support for plaintiff's arguments in this assignment of error.

ASSIGNMENT OF ERROR NUMBER TWO
Plaintiff next contends that the trial court erred in finding that Zodiac had no prior knowledge of any alleged defect in the sidewalk/ramp area where plaintiff contends that she twisted her ankle. Plaintiff argues that the knowledge of the architect who originally designed the building, James Dodds, should be imputed to Zodiac, the subsequent owner of the building, because Zodiac's relationship with Dodds "included privity to its files and the letters contained therein." We disagree.
After Zodiac purchased the Essen Center property, Dodds was hired by Zodiac to perform interior renovations to the building and to research the number of handicapped parking spaces required for the parking area. Bacon testified that he had no conversations with Dodds concerning the walkway area in question, nor did he receive any reports from Dodds concerning the ramp area leading to the sidewalk. Shamma stated that upon Zodiac's purchase of the property, it was provided no notice of any known problems with the plans or specifications regarding the construction of the building, parking lots, ramps, or steps leading from the parking lot to the building. Further, Shamma attested that since Zodiac purchased the Essen Center, they had received no other complaints nor were they made aware of any accidents in the building entrance, sidewalk, or ramp area at issue herein. Bacon similarly testified that during the twelve years that he managed this property (1993-2005), he had received no other complaints concerning this area nor was he ever made aware of any other accidents in this area.
On de novo review, we find that once Zodiac showed that it had no actual or constructive knowledge of any defect in the sidewalk and ramp area, plaintiff was required to produce or come forward with factual support sufficient to show that she would be able to satisfy her evidentiary proof at trial. LSA-C.C.P. art. 966(C)(2). Here, plaintiff failed to do so. Plaintiff produced no evidence whatsoever to show that Zodiac had either actual or constructive knowledge of any alleged defect in the sidewalk/ramp area or entrance at issue herein. We reject plaintiff's argument that the knowledge that Dodds may have had (if any) concerning any alleged defect in this area was somehow imputable to the property owner, Zodiac, on the basis that Dodds was subsequently retained by Zodiac for work on other projects involving the property.
Furthermore, we find no support for plaintiff's assertion that the general rule set forth in Sanders v. Ashland Oil, Inc., 96-1751 (La. App. 1st Cir. 6/20/97), 696 So. 2d 1031, 1035, writ denied, 97-1911 (La. 10/31/97), 703 So. 2d 29, i.e., that summary judgment is rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge, or good faith, somehow warrants a different result herein. Indeed, in Sanders, this court affirmed a trial court's grant of summary judgment where, as here, there was no issue of material fact as to the pertinent issue involved in the case. In determining whether liability has been established as a matter of law under a particular set of undisputed facts, this court has often determined that issues of actual or constructive knowledge are appropriate for summary judgment. See Boland v. West Feliciana Parish Police Jury, XXXX-XXXX (La. App. 1st Cir. 6/25/04), 878 So. 2d 808, writ denied, 2004-2286 (La. 11/24/04), 888 So. 2d 231; Racca v. St. Mary Sugar Cooperative, Inc., XXXX-XXXX (La. App. 1st Cir. 2/23/04), 872 So. 2d 1117, writ denied, XXXX-XXXX (La. 5/7/04), 872 So. 2d 1083; and Coleman v. Wal-Mart Stores, Inc., 98-0124 (La. App. 1st Cir. 11/6/98), 721 So. 2d 1068.
Constructive knowledge requires the existence of facts from which actual knowledge can be inferred. After thorough review, we find no support in the record to show plaintiff could meet her evidentiary burden. This assignment of error lacks merit. Moreover, because plaintiff has failed to prove this necessary element of her claim, it is unnecessary to address her remaining assignment of error. See Morgan v. City of Baton Rouge, XXXX-XXXX (La. App. 1st Cir. 4/4/07), 960 So. 2d 1013, 1018, writ denied, XXXX-XXXX (La. 9/21/07), 964 So. 2d 342.

CONCLUSION
For the above reasons, the January 31, 2007 judgment of the trial court, granting Zodiac's motion for summary judgment and dismissing plaintiff's claims, is affirmed. Costs of this appeal are assessed to the plaintiff/appellant, Yolanda McCants.
AFFIRMED.
NOTES
[1] On February 13, 2006, plaintiff filed a supplemental and amending petition for damages naming Five Korners, L.L.C. (a partner in the Zodiac Development joint venture) and Gamma, L.L.C. (a former property manager of the property) as additional defendants therein.
[2] As this court recently explained in Broussard v. Voorhies, 2006-2306, p. 2 (La. App. 1st Cir. 9/19/07), ___ So. 2d ___, ___:

The 1996 legislation enacting La. C.C. art. 2317.1 and amending La. C.C. art. 2322, effective April 16, 1996, abolished the concept of strict liability governed by prior interpretation of the pre-1996 versions of La. C.C. arts. 2317 and 2322. See Dennis v. The Finish Line, Inc., 99-1413, 99-1414, p. 5 n. 8 (La.App. 1st Cir. 12/22/00), 781 So.2d 12, 20 n. 8, writ denied, 01-0214 (La. 3/16/01), 787 So.2d 319; 12 William E. Crawford Louisiana Civil Law Treatise: Tort Law §§ 19.1, 19.2 (2nd ed.1996). A more appropriate term now for liability under La. C.C. arts. 2317.1 and 2322 might be "custodial liability," but such liability is nevertheless predicated upon a finding of negligence. See Rogers v. City of Baton Rouge, 04-1001, pp. 4-5 (La.App. 1st Cir. 6/29/05), 916 So.2d 1099, 1102, writ denied, 05-2022 (La. 2/3/06), 922 So.2d 1187.