HIGGINBOTHAM, J.
| ^Plaintiff challenges the trial court’s grant of summary judgment dismissing his suit against the City of Mandeville. The issue presented is whether plaintiffs claims are barred by a Louisiana recreational use immunity statute, La. R.S. 9:2795. Finding that plaintiffs claims are barred, we affirm.
BACKGROUND
According to the record, John V. Souza, III (“plaintiff’) was injured when he fell off his bike while riding through a tunnel on the Tammany Trace (“the Trace”) on December 2, 2007. The Trace is a 31-mile recreational trail running through five communities along the north shore of Lake Ponchartrain in St. Tammany Parish (“the Parish”). The tunnel where plaintiff fell is located in the City of Mandeville (“the City”). Plaintiff alleges that while riding his bike through the tunnel, he encountered an extremely slippery roadway surface that was covered with mold, mildew, slime, or growth. Upon contact with the slippery substance, the wheels on plaintiffs bike slipped out from under him, causing him to fall off his bike onto the tunnel pavement. Plaintiff asserted that he suffered serious injury, including a detached bicep tendon that required right elbow surgery.
Plaintiff filed a petition for damages against the City and the Parish, asserting that the slippery slime he encountered on the roadway surface in the Trace tunnel constituted an unreasonably dangerous condition about which the City and the Parish had actual knowledge, but failed to properly maintain and remedy. Plaintiff voluntarily dismissed the Parish from the lawsuit, but then, in an amended petition for damages, he further alleged that both the City and the Parish had willfully or maliciously failed to warn the Trace users about the unreasonably dangerous (slippery) condition in the tunnel.
The City filed a motion for summary judgment, contending that it was entitled to immunity, pursuant to La. R.S. 9:2795. The City also asserted that | ¡¡plaintiff could not establish an essential element of his claim, i e., that the City had actual or constructive notice of an unreasonably dangerous condition in the tunnel at the time of his alleged accident; therefore, the City’s liability is limited, pursuant to La. R.S. 9:2800. After a hearing, the trial court granted the City’s motion for summary judgment and dismissed plaintiffs claims against the City. Plaintiff appeals.
LAW AND ANALYSIS
A court of appeal reviews the ruling of a trial court on a motion for summary judgment de novo under the same criteria that govern the trial court’s determination of whether the summary judgment should be granted. Lewis v. Busby, 2005-2242 (La.App. 1st Cir.9/27/06), 946 So.2d 665, 668. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as *747 a matter of law. La. C.C.P. art. 966(B). In ruling on a motion for summary judgment, the trial court’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of material fact. Guardia v. Lakeview Regional Medical Center, 2008-1369 (La.App. 1st Cir.5/8/09), 13 So.3d 625, 628. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent’s favor. Id.
On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Id. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the 14adverse party’s claim, action, or defense. Id. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Id. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2); Robles v. ExxonMobile, 2002-0854 (La.App. 1st Cir.3/28/03), 844 So.2d 339, 341.
In Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751, the Louisiana Supreme Court set forth the following parameters for determining whether an issue is genuine or a fact is material:
A “genuine issue” is a “triable issue.” More precisely, “[a]n issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Summary judgment is the means for disposing of such meretricious disputes.” In determining whether an issue is “genuine,” courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. “Formal allegations without substance should be closely scrutinized to determine if they truly do reveal genuine issues of fact.”
A fact is “material” when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. “[FJacts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.” Simply put, a “material” fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. (Citations omitted.)
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Guardia, 13 So.3d at 628.
One of Louisiana’s recreational use immunity statutes is La. R.S. 9:2795, providing a limitation of liability for landowners, including the state and its political subdivisions, of property used for recreational purposes. However, the statute retains liability for willful or malicious failure to warn against a dangerous | .^condition. Louisiana Revised Statutes 9:2795 provides, in pertinent part as follows:
A. As used in this Section:
*748 (1) “Land” means urban or rural land, roads,....
(2) “Owner” means the possessor ... or person in control of the premises.
(3) “Recreational purposes” includes ... bicycle riding....
[[Image here]]
B. (1) Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land ... who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:
(a) Extend any assurance that the premises are safe for any purposes.
(b) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.
(c) Incur liability for any injury to person or property caused by any defect in the land regardless of whether naturally occurring or man-made.
[[Image here]]
E. (2)(a) The limitation of liability provided in this Section shall apply to any lands, whether urban or rural, which are owned, leased, or managed as a public park by the state or any of its political subdivisions and which are used for recreational purposes. (Emphasis added.)
In order to prove the liability of the City based on a defective condition of the Trace tunnel’s roadway surface, plaintiff must prove: (1) that the City owned or had custody of the thing (the tunnel) which caused the damage; (2) the thing (the tunnel’s roadway surface) was defective in that it created an unreasonable risk of harm to others; (3) the City had actual or constructive knowledge of the defect or risk of harm and failed to take corrective action within a reasonable time; and (4) causation. See La. R.S. 9:2800. See also Valet v. City of Hammond, 577 So.2d 155, 164 (La.App. 1st Cir.1991). Courts have consistently held that state entities or municipalities are not liable for every irregularity in a street or sidewalk. Boyle v. Board of Sup’rs, Louisiana State University, 96-1158 (La.1/14/97), 685 So.2d 1080, 1082. Constructive notice is statutorily defined to mean “the existence of facts which infer actual knowledge.” La. R.S. 9:2800(D).
The City contends that it is immune from liability in this case, because the accident happened on the Trace, which is land designed for recreational purposes, and plaintiff failed to demonstrate that the City willfully or maliciously failed to warn of any allegedly dangerous condition in the tunnel. The City also asserts that the evidence does not show that the City had knowledge of any dangerous condition at the time of plaintiffs injury, and therefore, plaintiff cannot prevail against the City. The parties do not dispute that the City maintained the Trace tunnel or that the trail was made available to the public for recreational purposes.[1] It is further undisputed that while plaintiff was using the Trace, he was participating in a reereation *749 al activity (bicycle riding) on the day of his accident.
In support of its motion for summary judgment, the City submitted a copy of plaintiffs deposition and a copy of the deposition of the City’s Building and Grounds Superintendent, Christopher Lange. Plaintiff admitted in his deposition that he was an experienced bike rider who had ridden through the Trace tunnel several times and had never noticed or encountered slime or algae in the tunnel before. Plaintiff testified that on the day of the accident, he noticed water on the north side ramp of the tunnel, which was unusual, and it prompted him to slow down. Plaintiff stated that he had never seen water, slime, or algae in the tunnel 17before that day, and he did not know of anyone else that had been hurt in the tunnel or who had encountered trouble riding through the tunnel.
Lange’s deposition testimony established that the City maintained the Trace, including the tunnel, within the City’s limits. He stated that the City regularly pressure-washed the tunnel on a quarterly basis, unless it was necessary to clean it more often. Lange also testified that the tunnel was equipped with drains and a catch basin, as well as a pump to clear out the basin when necessary. Lange indicated that the Parish rangers patrolled the Trace every day, and the City would be notified if there was a maintenance issue. Additionally, Lange stated that the City’s work crews cheeked the tunnel every week for trash and maintenance issues. According to Lange, the City had never received a report of algae or slime substance on the tunnel roadway surface; instead, they had only received reports of water, leaves, trash, and graffiti in the tunnel.
As the party moving for summary judgment, the City sustained its initial burden of proof and established a prima facie case that it was entitled to immunity pursuant to La. R.S. 9:2795. The burden then shifted to plaintiff to prove the existence of an unreasonably dangerous condition in the tunnel, the City had knowledge of the dangerous condition, and the City willfully or maliciously failed to warn of such a condition. See La. R.S. 9:2795(B).
In response to the City’s motion for summary judgment, plaintiff filed an opposition to the motion, relying on the City’s work orders pertaining to the Trace tunnel.[2] Plaintiff relies on three November 2007 work orders, entered shortly before the accident on December 2, 2007, where the City addressed water in or around the Trace tunnel. According to plaintiff, those work orders indicate the City had knowledge that the tunnel roadway surface was being exposed to water on |sa consistent basis just prior to his accident. Additionally, plaintiff asserts that one year prior to his accident, a work order reflects that the City pressure-washed the tunnel in response to a bike rider’s reporting that the bottom of the tunnel was slippery. Relying on the work orders, plaintiff argues that the City had knowledge of the potential for a dangerous or slippery surface in the tunnel, yet the City failed to warn Trace tunnel users of the danger. Plaintiff suggests that the work orders evidenced a genuine issue of material fact as to whether the failure to warn was willful or malicious; thus, summary judgment was not appropriate.
We disagree with plaintiffs argument pertaining to the work-order evidence. Each work order showed evidence *750 that once the City was notified of the maintenance issue, it was remedied on the same day. Plaintiff failed to introduce any evidence that the City had knowledge of an unreasonably dangerous condition existing on the roadway surface of the Trace tunnel on the day of his accident or that the City had willfully or maliciously failed to warn of such a condition that day. Once the City established that it was entitled to immunity under La. R.S. 9:2795, the burden of establishing a malicious or willful failure to warn of a dangerous condition shifted to plaintiff, who presented no summary judgment evidence in this regard. “[A] failure to warn of a dangerous condition connotes a conscious course of action, and is deemed willful or malicious when action is knowingly taken or not taken, which would likely cause injury, with conscious indifference to the consequences thereof.” DeLafosse v. Village of Pine Prairie, 2008-0693 (La.App. 3d Cir.12/10/08), 998 So.2d 1248, 1251, writ denied. 2009-0074 (La.2/4/09), 999 So.2d 766, quoting Lambert v. State, 40,170 (La.App. 2d Cir.9/30/05), 912 So.2d 426, 433-34 (citations omitted), writs denied, 05-2310 (La.4/17/06), 926 So.2d 509 and 05-2311 (La.4/17/06), 926 So.2d 509.
We do not find that the City’s failure to warn of the possibility that the tunnel surface could be slippery when wet to be malicious or willful. Plaintiff |flmade no showing that the City consciously chose a course of action that revealed a willful or malicious failure to warn users of the tunnel about the allegedly dangerous condition. Rather, plaintiffs evidence showed that the City promptly remedied each reported issue or complaint of water in and around the Trace tunnel. Thus, plaintiff failed to demonstrate that he would be able to meet his burden of proof at trial. We find that the City was afforded immunity pursuant to this recreational use immunity statute under these facts. Therefore, the trial court did not err in concluding that there were no genuine issues of material fact as to the City’s liability.
CONCLUSION
After a de novo review of the record, we find no error in the judgment of the trial court. Accordingly, we affirm the trial court’s summary judgment dismissing plaintiffs claims against the City. All costs of this appeal are assessed to plaintiff-appellant, John V. Souza, III.
AFFIRMED.

. The City submitted a copy of an agreement between the City and the Parish, which was introduced into evidence at the hearing on the City's motion for summary judgment. The agreement outlines the obligations of the City and the Parish regarding maintenance and improvement of the Trace tunnel and their cooperative efforts to “inform each other of any potentially dangerous situation or condition that may exist” in or around the tunnel. The agreement also specifically outlines the obligation of the City to “provide, at its sole expense, any and all maintenance and upkeep to the [tjunnel, its approaches, ramps, walls, ceiling and fences.”

. The work orders were attached to plaintiff’s opposition to the City's motion for summary judgment and were filed in the record as a part of the City’s discovery response to plaintiff’s request for production of documents.