STATE OF LOUISIANA

COURT OF APPEAL

*P McC by JEW*
*JEW*
*MRT by JEW*

FIRST CIRCUIT

2021 CA 0227

ROBERT BAILEY

VERSUS

STATE OF LOUISIANA DEPARTMENT OF CULTURE,
RECREATION AND TOURISM

Judgment Rendered:  NOV 0 4 2021

* * * * * *

On Appeal from the Sixteenth Judicial District Court
In and for the Parish of St. Mary
State of Louisiana
Docket No. 129975

Honorable Gregory P. Aucoin, Judge Presiding

* * * * * *

Erika L. Richoux
Louisiana Dept. of Justice
Assistant Attorney General
Lafayette, Louisiana

Counsel for Defendants/Appellees
Louisiana Department of Culture,
Recreation and Tourism

Jay M. Simon
Baton Rouge, Louisiana

Counsel for Plaintiff/Appellant
Robert Bailey

Willie G. Johnson, Jr.
Baton Rouge, Louisiana

Co-Counsel for Plaintiff/Appellant
Robert Bailey

* * * * * *

BEFORE: McCLENDON, WELCH AND THERIOT, JJ.

**McCLENDON, J.**

Plaintiff, Robert Bailey, appeals the trial court's judgment granting summary judgment in favor of the State of Louisiana Department of Culture, Recreation and Tourism, and dismissing plaintiff's claims. For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL HISTORY

On or about August 3, 2015, Mr. Bailey and his family had plans to visit Cypremort Point State Park (Cypremort Park) for a brief vacation and to go crabbing. Upon arriving at Cypremort Park, Mr. Bailey and his family began walking from the parking lot towards the cabin they rented for their visit. Mr. Bailey tripped and fell on the concrete walkway, sustaining injuries.

Mr. Bailey filed a petition for damages on July 29, 2016, naming as defendant therein the State of Louisiana Department of Culture, Recreation and Tourism (the State). Mr. Bailey's petition alleged that "while walking on the entranceway to his cabin, suddenly and without warning, [he] was caused to trip and violently fall onto a concrete walkway due to the defective nature of the entranceway to the cabin." Mr. Bailey further alleged that the State was the owner and/or manager of the property, had custody and control over the entranceway, was responsible for the condition of the entranceway, and knew or should have known of the dangerous condition which caused and/or contributed to cause Mr. Bailey's injuries. Mr. Bailey claimed that the State was therefore liable for failing to warn him of the defective condition, failing to properly maintain the entranceway for invitees to Cypremort Park, creating a hidden hazard to guests of Cypremort Park, and other acts of negligence to be determined at trial.

The State answered Mr. Bailey's petition. The State admitted that it was the manager/owner of the property where Mr. Bailey fell at Cypremort Park, but denied liability. The State also asserted the affirmative defense of immunity pursuant to LSA-R.S. 9:2795, which provides immunity to landowners who allow their property to be used for recreational purposes. Thereafter, discovery commenced.

On November 4, 2019, the State filed a motion for summary judgment, arguing that it was immune from suit pursuant to LSA-R.S. 9:2791 and LSA-R.S. 9:2795, often

2

collectively referred to as the "recreational use immunity statutes."[1] Mr. Bailey opposed the motion for summary judgment. Mr. Bailey argued that the recreational use immunity statutes did not apply because he was not engaged in recreation at the time of the accident, and because the State rented the cabin to Mr. Bailey's family as part of a commercial for-profit enterprise.

Following a hearing on January 15, 2020, the trial court took the matter under advisement. On January 29, 2020, the trial court executed a judgment granting summary judgment in favor of the State and dismissing Mr. Bailey's claims, together with reasons for judgment. From this judgment, Mr. Bailey appeals, raising three assignments of error: (1) the trial court erred in granting the State's motion for summary judgment because genuine issues of material fact exist; (2) the trial court erred in finding that the State's lease of the cabins was not principally for a commercial purpose; and, (3) the trial court erred in finding that Mr. Bailey did not present any suitable summary judgment evidence.

## SUMMARY JUDGMENT

In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that governs the trial court's determination of whether summary judgment is appropriate. **Shoemake v. Scott**, 2019-1261 (La.App. 1 Cir. 8/3/20), 310 So.3d 191, 194. That is, after an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(A)(3).

On a motion for summary judgment, the burden of proof rests with the mover. LSA-R.S. 966(D)(1). If the mover will bear the burden of proof at trial on the issue before the court in the motion for summary judgment, the burden of showing there is

---

[1] Although the State's answer explicitly pled immunity pursuant to LSA-R.S. 9:2795 only, LSA-R.S. 9:2791 and LSA-R.S. 9:2795 relate to the same subject matter, essentially accomplish the same purpose, and are to be read together. **Fournerat v. Farm Bureau Ins. Co.**, 2011-1344 (La.App. 1 Cir. 9/21/12), 104 So.3d 76, 80, writ denied, 2012-2148 (La. 11/21/12), 102 So.3d 59. Accordingly, the State's immunity pursuant to the recreational use immunity statutes was not a new matter when the State raised both LSA-R.S. 9:2791 and LSA-R.S. 9:2795 in its motion for summary judgment. See **Aucoin v. Larpenter**, 2020-0792 (La.App. 1 Cir. 4/16/21), --- So.3d ---, ---, 2021 WL 1440202, **8-9.

no genuine issue of material fact remains with the mover. When the mover makes a *prima facie* showing that the motion should be granted, the burden then shifts to the non-moving party to present factual support, through the use of proper documentary evidence attached to its opposition, which establishes the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. LSA-C.C.P. art. 966(D)(1); **June Med. Servs., LLC v. Louisiana Department of Health**, 2019-0191 (La.App. 1 Cir. 3/4/20), 302 So.3d 1161, 1164. If the non-moving party fails to do so, there is no genuine issue of material fact and summary judgment will be granted. **Murphy v. Savannah**, 2018-0991 (La. 5/8/19), 282 So.3d 1034, 1038.

Material facts are those that potentially insure or preclude recovery, affect the litigant's success, or determine the outcome of a legal dispute. **Jenkins v. Hernandez**, 2019-0874 (La.App. 1 Cir. 6/3/20), 305 So.3d 365, 371, writ denied, 2020-00835 (La. 10/20/20), 303 So.3d 315. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. **Marks v. Schultz**, 2020-0197 (La.App. 1 Cir. 12/10/20), 316 So.3d 534, 538. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Shoemake**, 310 So.3d at 193-94.

## RECREATIONAL LAND USE IMMUNITY

Tort immunity is an affirmative defense for which the one asserting the defense has the burden of proof. **Barabay Prop. Holding Corp. v. Boh Bros. Const. Co., L.L.C.**, 2007-2005 (La.App. 1 Cir. 5/2/08), 991 So.2d 74, 79, writ granted, 2008-1185 (La. 10/10/08), 993 So.2d 1270, and writ denied as improvidently granted sub nom., **Barabay Properties Holding Corp. v. Boh Bros. Const. Co. L.L.C.**, 2008-1185 (La. 3/17/09), 6 So.3d 172. An affirmative defense raises a new matter that, assuming the allegations in the petition to be true, constitutes a defense to the action and will have the effect of defeating plaintiff's demand on its merits. **Succession of Ciervo v. Robinson**, 2019-0140 (La.App. 1 Cir. 12/12/19), 291 So.3d 1063, 1075.

4

Immunity statutes must be strictly construed against the party claiming the immunity. **Barabay,** 991 So.2d at 79.

The recreational use immunity statutes were intended to limit the tortious liability of landowners and operators of property who allowed their property to be used for recreational purposes. **Fournerat v. Farm Bureau Ins. Co.,** 2011-1344 (La.App. 1 Cir. 9/21/12), 104 So.3d 76, 80, writ denied, 2012-2148 (La. 11/21/12), 102 So.3d 59. Louisiana Revised Statutes 9:2791 and 9:2795 were originally enacted as Act 248 of 1964 and Act 615 of 1975, respectively. They relate to the same subject matter and are to be read together. **Doyle v. Lonesome Dev., Ltd. Liab. Co.,** 2017-0787 (La.App. 1 Cir. 7/18/18), 254 So.3d 714, 719, writ denied, 2018-1369 (La. 11/14/18), 256 So.3d 291. Except for some stylistic differences, minor changes in phraseology, and enactment eleven years apart, both statutes essentially accomplish the same purpose. **Fournerat,** 104 So.3d at 80.

Louisiana Revised Statutes 9:2791 provides immunity to an owner, lessee, or occupant of "premises," which is defined as "including lands, roads, waters, water courses, private ways and buildings, structures, machinery or equipment thereon," for injuries to persons using the premises for "hunting, fishing, camping, hiking, sightseeing, or boating." **Tillman v. Nationwide Mut. Ins. Co.,** 2020-0250 (La.App. 1 Cir. 2/22/21), 321 So.3d 1017, 1021, writ denied, 2021-00429 (La. 5/25/21), 316 So.3d 446. However, the immunity is not absolute. Louisiana Revised Statutes 9:2791 does not apply when the premises are used principally for a commercial, recreational enterprise for profit. Additionally, the statute does not exclude any liability which would otherwise exist for deliberate and willful or malicious injury to persons or property. LSA-R.S. 9:2791.

Louisiana Revised Statutes 9:2795 provides immunity to an owner of land being used for recreational purposes, with or without charge, against liability for injury to persons caused by a defect in the land, whether naturally occurring or manmade. **Tillman,** 321 So.3d at 1021. The immunity specifically applies to "any lands, whether urban or rural, which are owned, leased, or managed as a public park by the state or any of its political subdivisions and which are used for recreational purposes." LSA-RS.

5

9:2795(E)(2)(a). "Land" is defined, in pertinent part, as "urban or rural land...private ways or buildings, structures..." LSA-R.S. 9:2795(A)(1). The phrase "Recreational purposes" is defined in LSA-R.S. 9:2795(A)(3) as including, but not limited to:

> any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized, or nonmotorized vehicle operation for recreation purposes, nature study, water skiing, ice skating, roller skating, roller blading, skate boarding, sledding, snowmobiling, snow skiing, summer and winter sports, or viewing or enjoying historical, archaeological, scenic, or scientific sites.

However, as with LSA-R.S. 9:2791, the immunity established in LSA-R.S. 9:2795 is not absolute. Louisiana Revised Statutes 9:2795 retains liability for willful or malicious failure to warn against a dangerous condition. **Souza v. St. Tammany Par.**, 2011-2198 (La.App. 1 Cir. 6/8/12), 93 So.3d 745, 747; LSA-R.S. 9:2795(B)(1). Louisiana Revised Statutes 9:2795 also specifically excepts an "an owner of commercial recreational developments or facilities" from immunity, except under certain circumstances. **Richard v. Hall**, 2003-1488 (La. 4/23/04), 874 So.2d 131, 147; See LSA-R.S. 9:2795(B)(2).

The recreational use immunity statutes are in derogation of common or natural right and, therefore, are to be strictly interpreted, and must not be extended beyond their obvious meaning. **Monteville v. Terrbonne Parish Consol. Government**, 567 So.2d 1097, 1100 (La. 1990). Nevertheless, the jurisprudence interpreting the recreational use immunity statutes recognizes that the definition of "recreational purposes" is a nonexclusive list and that activities not specifically listed are included in the definition. **Doyle**, 254 So.3d at 722. Additionally, this Court has previously found that the enactment of LSA-R.S. 9:2795, the second and more expansive immunity statute, evidences legislative intent to grant a broad immunity from liability. Further, this Court has stated that the legislature impliedly expressed intent that in the event there is a conflict between the statutes, LSA-R.S. 9:2795, as the later enacted statute, shall be controlling. **Fournerat**, 104 So.3d at 81.

## ANALYSIS

On this motion for summary judgment, the State bore the burden of proof both as the moving party seeking summary judgment and as the party asserting

the affirmative defense of immunity. **Barabay**, 991 So.2d at 79; LSA-C.C.P. art. 966(D)(1). Thus, the initial question before this Court, in reviewing the summary judgment, is whether the State established that it was entitled to immunity under the recreational use immunity statutes.

The State filed numerous exhibits in support of its motion, including Mr. Bailey's petition; the State's answer; the affidavit of Stephanie Hyde, Agency Representative for Louisiana Office of State Parks, Department of Culture, Recreation and Tourism; the deposition transcript of Mr. Bailey, plaintiff; the deposition transcript of Kendall Bailey, Mr. Bailey's son; the deposition transcript of Keith Broussard, the Cypremort Park Manager; and the State's Responses to Requests for Admissions propounded by Mr. Bailey.

Ms. Hyde's affidavit provided, in pertinent part:

(1) She is employed as the Agency Representative by the Louisiana Office of State Parks, Department of Culture, Recreation and Tourism and has been employed by the Department since February, 2016.

(2) Cypremort Point State Park is a public park owned by the State of Louisiana, which permits the public to use its land for recreational purposes, such as sightseeing, picnicking, camping, fishing, crabbing, boating, water skiing, windsurfing, and sailing.

(3) Cypremort Point State Park is not a commercial park and is not intended to make a profit.

(4) The park charges small fees to those who use the park, but these fees do not cover the cost of keeping the park open. The park's ability to operate is subsidized by the State.

(5) Affiant further states that the facts contained in her aforementioned statement are true and correct to the best of her knowledge and belief.

Mr. Bailey's deposition transcript reflected his testimony that the purpose of his visit to the Park was to enjoy a brief family vacation and to go crabbing. Likewise, Kendall Bailey's deposition testimony was that the family was visiting Cypremort Park for "recreation" and "a short [family] vacation."

The affidavit of Ms. Hyde established that the State owns Cypremort Park and that the State allows its property to be used for recreational purposes, on a non-profit basis, and the deposition testimony of Mr. Bailey and his son Kendall Bailey established that Mr. Bailey was at Cypremort Park for a family vacation and to go crabbing at the

7

time he was injured. Although crabbing is not explicitly listed as a recreational activity in the recreational use immunity statutes, the jurisprudence consistently recognizes that the lists are nonexclusive, and the Fifth Circuit has applied the immunity when injuries were sustained while crabbing. See **Doyle**, 254 So.3d at 722, and **Zulli v. Coregis Ins. Co.**, 2005-155 (La.App. 5 Cir. 7/26/05), 910 So.2d 437, 441, writ denied, 2005-2226 (La. 2/17/06), 924 So.2d 1017 (affirming the trial court's judgment finding that St. Charles Parish was entitled to immunity under the recreational use immunity statutes for plaintiff's injuries sustained while crabbing on a jetty, which was used and managed as a public park). Thus, the State made a *prima facie* showing that it was entitled to immunity under the recreational use immunity statutes.

Accordingly, the burden shifted to Mr. Bailey to produce factual support, through the use of proper documentary evidence attached to his opposition, sufficient to establish the existence of a genuine issue of material fact or that the State was not entitled to judgment as a matter of law. LSA-C.C.P. art. 966(D)(1); **June Med. Servs., LLC**, 302 So.3d at 1164. If Mr. Bailey failed to do so, LSA-C.C.P. art. 966(D)(1) mandates the granting of the motion for summary judgment. See **Jenkins**, 305 So.3d at 371.

Review of the record herein reflects that Mr. Bailey did not attach documentary evidence to his opposition. Rather, Mr. Bailey referenced the State's exhibits in support of his arguments. In opposition to the State's motion for summary judgment, Mr. Bailey maintained that the recreational use immunity statutes do not apply, because (1) the accident did not occur when Mr. Bailey was engaged in a recreational activity, and (2) the State rented the cabin to Mr. Bailey's family as part of a commercial for-profit enterprise.

Regarding Mr. Bailey's argument that he was not engaged in a recreational activity at the time he was injured, Mr. Bailey pointed out that the accident occurred after he and his family arrived at the cabin, while they were unloading their vehicles and walking towards the cabin. The State countered this argument by citing this Court's opinion in **Webb v. Par. of St. Tammany**, 2006-0849 (La.App. 1 Cir. 2/9/07), 959 So.2d 921, writ denied, 2007-0521 (La. 4/27/07), 955 So.2d 695. In **Webb**, the plaintiff

8

was exiting Pelican Park in Mandeville, Louisiana, following participation in a softball game, when he lost control of his motorcycle. The plaintiff landed in a *storm drain* and sustained severe injuries while still on park property. **Webb**, 959 So.2d at 923. The trial court granted summary judgment finding that the recreational use immunity statutes applied. On appeal, the plaintiff argued that the trial court erred in granting summary judgment because there was a genuine issue of material fact as to whether he was engaging in recreational activity at the time of the accident, because the accident occurred after the softball game had been completed and while he was exiting the park. This Court wrote:

> A plain reading of the statute does not provide support for this argument. The statute does not require that the injury arise out of the recreational activity *per se*, as long as the person injured was on the property for a recreational purpose. *Cooper v. Cooper*, 34,717, p. 6 (La.App. 2 Cir. 5/9/01), 786 So.2d 240, 244, *writ denied*, 2001–1681 (La. 9/21/01), 797 So.2d 675. The record is clear that Mr. Webb went to Pelican Park on the date of the accident to participate in recreational activities, and he was still on park property at the time of the accident. Thus, we find no merit in this assignment of error.

**Webb**, 959 So.2d at 925.

In this matter, the State's evidence, which included Mr. Bailey's testimony and the testimony of his son, established that Mr. Bailey was at Cypremort Park for a recreational purpose when he was injured. Mr. Bailey did not submit any evidence to dispute that he was at Cypremort Park for a recreational purpose. Therefore, no genuine issue of material fact exists regarding the purpose of Mr. Bailey's visit to Cypremort Park. Under these undisputed facts, and in light of this Court's ruling in **Webb**, it is immaterial that Mr. Bailey was not engaged in a recreational activity *per se* at the time he was injured, because he went to Cypremort Park to participate in recreational activities. This argument lacks merit.

With respect to Mr. Bailey's contention that the recreational use immunity statutes do not apply because Mr. Bailey and his family rented the cabin, Mr. Bailey asserts that the accident arose from a contractual relationship entered for a commercial purpose, in a commercial area that was under the State's control at the time of the accident. Mr. Bailey maintains that summary judgment was not appropriate in the absence of proof establishing that the relationship between the parties was not part of

9

a for-profit transaction. Specifically, Mr. Bailey argues that the State failed to produce documents reflecting the lease and its terms.

However, Ms. Hyde's affidavit, submitted by the State, established that Cypremort Park was not a commercial park and was not intended to make a profit. Ms. Hyde attested that Cypremort Park charges small fees, but the fees "do not cover the cost of keeping the park open." Rather, Ms. Hyde explained that Cypremort Park's ability to operate is subsidized by the State.

It is settled that "intention to derive a profit is an essential ingredient in a commercial activity." **Doyle**, 254 So.3d at 723. This Court has consistently held:

> [T]he fact that an activity generates income does not prevent the owner from enjoying the benefit of LSA-R.S. 9:2795, which clearly provides that an owner may charge a fee for the right to use his land and still not incur liability.

**Doyle**, 254 So.3d at 723. We also note the Louisiana Supreme Court's statement in

**Eastwood v. Niblett's Bluff Park Auth.**, 2013-2408 (La. 4/17/14), 137 So.3d 1200:

> The mere fact that a public entity charges a minimal fee for use of its facilities does not mean the premises were "used principally for a commercial, recreational enterprise for profit" for purposes of the exception to immunity set forth in LSA-R.S. 9:2791(B). The undisputed evidence in the record establishes the majority of the park's funding came from local property taxes. Therefore, the district court erred in denying defendants' motion for summary judgment on the ground there were questions of fact as to whether the park was operated as a commercial enterprise.

**Eastwood**, 137 So.3d at 1200.

On this point, the State offered evidence sufficient to establish that Cypremort Park did not make a profit by charging rental fees. As noted above, Mr. Bailey did not offer any exhibits that controverted the State's evidence. Moreover, the plain language of the statute and the jurisprudence make clear that a landowner may charge a fee without incurring liability. Thus, the undisputed facts establish that Cypremort Park was not "used principally for a commercial, recreational enterprise for profit." This argument lacks merit.

Mr. Bailey does not argue on appeal that the State is not entitled to immunity because there was a willful or malicious failure to warn against a dangerous condition, such as would except the State from immunity under LSA-R.S. 9:2795(B). Nevertheless,

10

for the sake of completeness, we note that there is no evidence in the summary judgment record that there was any "deliberate and willful or malicious injury to persons or property." Once a defendant establishes that it was entitled to immunity under LSA-R.S. 9:2795, the burden of establishing a malicious or willful failure to warn of a dangerous condition shifts to the plaintiff. **Doyle**, 254 So.3d at 725. Mr. Bailey did not submit any evidence that established, or even suggested, a malicious or willful failure to warn of a dangerous condition.[2]

Having completed a thorough *de novo* review of the record before us, we find that the State submitted evidence sufficient to establish that the State is entitled to immunity pursuant to LSA-R.S. 9:2791 and LSA-R.S. 9:2795. As set forth above, Mr. Bailey did not submit evidence to controvert the State's evidence and establish the existence of a genuine issue of material fact, nor did he demonstrate that the State is not entitled to judgment as a matter of law. Thus, Mr. Bailey's assignments of error lack merit, and summary judgment was appropriate.

## CONCLUSION

For the reasons expressed above, the January 29, 2020 judgment of the trial court granting the motion for summary judgment in favor of the State of Louisiana, Department of Culture, Recreation and Tourism, and dismissing the claims asserted by Mr. Robert Bailey, is affirmed. Costs are assessed to Mr. Bailey.

**AFFIRMED.**

---

[2] During his deposition, Mr. Bailey described the concrete slab where he fell as "uneven," "broke[n]," and "crack[ed]"; in response to Mr. Bailey's Requests for Admission, the State admitted that there was an approximately ¾ inch height differential between two sections of the walkway where Mr. Bailey fell. The deposition testimony of Keith Broussard, the Cypremort Park Manager since December of 2013, was consistent with the State's admission regarding the condition of the area where Mr. Bailey fell.

Mr. Broussard also testified extensively regarding Cypremort Park's maintenance and safety practices. Mr. Broussard stated that he and other Cypremort Park employees are trained to recognize slip or trip hazards throughout the property, including dirt, mud, uneven surfaces, and gaps or cracks in concrete walkways. Mr. Broussard further stated that employees often perform repairs on the property, and that while general repairs such as tending to a leaky faucet were not always documented in the maintenance log because Cypremort Park was short staffed and the employees were usually very busy, he expected to be notified about unsafe conditions and repairs made to same. Specifically regarding repairs to the concrete walkways under cabins, like the area where Mr. Bailey fell, Mr. Broussard recalled repairs being made throughout his tenure at Cypremort Park, both before and after Mr. Bailey's fall. Additionally, quarterly inspections were conducted to identify safety hazards throughout Cypremort Park. Mr. Broussard recalled meeting with Mr. Bailey after his fall and preparing an incident report. Because the undisputed evidence demonstrates reasonable efforts to maintain the safety of Cypremort Park, the State was clearly not grossly negligent, nor did the State act with intent to cause injury or with indifference to the consequences of its actions. See **Eastwood**, 137 So.3d at 1200, FN1.